William J. Regan, J.
This is a motion on behalf of the defendant for an order granting said defendant a bill of particulars in the above-entitled action. The defendant has made four separate demands in his motion for a bill of particulars. The first and the fourth demands concern themselves with particularization as to the acts of defendant which allegedly constitute the crime; the time and place of the commission of the alleged crime and also a demand that the defendant be allowed to examine certain medical reports.
It seems to the court that under the short-form indictment the defendant is entitled to a statement as to the approximate time, date and place of the alleged crime. The court also feels that in fairness to the defendant he should be entitled to a reasonable examination as to Coroner’s reports and other medical reports.
Under the second demand of the defendant, permission is asked to inspect the stenographic minutes and other records of the Erie County Grand Jury relating to the proceedings of the Grand Jury in connection with this indictment. The defendant in his brief cites the case of People v. Rosario (9 N Y 2d 286 [1961]) in support of the proposition that he would be entitled at the trial to examine all pretrial statements of the People’s witnesses. He thereafter goes on to contend that the Rosario case might very well permit the court the right to grant defendant an examination of the stenographic minutes of the Grand Jury prior to the actual trial of this case. In the third demand of the defendant, he also asks for copies of all statements, transcripts of interviews and memorandum of conversations now in *355 the possession of the District Attorney of Erie County or other governmental authority of the State of New York which might concern this case, either as to statements of Otis Giles, Jr., or one Margaret Esther Miller, or any other witnesses to be used on behalf of the People at the trial of this action, which could or might establish presence of the defendant at or near the scene of the crime.
The indictment charges that the defendant killed his wife, Rena Rodriquez Giles, by shooting her. The prosecution contends that the defendant is not entitled to the information sought since the indictment sufficiently apprises him of the charges which the law entitles him to know. The prosecution contends that the defendant is in effect demanding that he be given the entire file of the People. The defendant’s attorneys have also raised possible questions as to the mental competency of the defendant.
This court does not agree with the defendant’s contention that the Rosario case (supra) is so broad that the defendant should be given the District Attorney’s entire file prior to trial. The Rosario case, as this court understands it, holds only that statements of a witness should be given to the defendant for cross-examination purposes on the trial only. It may also be reasonably argued that the Rosario case is authority for giving the Grand Jury testimony of a witness on trial after the prosecution has completed it’s direct examination for purposes of cross-examination. This question did not appear to be specificaly before the court in the Rosario case. However, it may be reasonably argued that such testimony should be given to defense counsel on trial for cross-examination. The Rosario case, however, does not hold that the defendant should receive the District Attorney’s file or Grand Jury testimony prior to the trial for purposes of building a defense based on the prosecution’s case. This court will not hold that Rosario is sufficiently broad and it will not allow the defendant the Grand Jury minutes, in advance of trial. It is true that upon the trial certain statements may be given to a defendant hut this is only for the purpose of cross-examination and impeachment of the witnesses produced by the prosecution. The Rosario case is not broad enough to allow the defendant to inspect Grand Jury minutes for the purpose of framing a defense. For that reason this court will deny the application of the defendant for examination of the Grand Jury minutes and for the examination of the statements of Margaret Esther Miller, Otis Giles, Jr., or any other witnesses to be used in behalf of the People in this state of the proceedings. *356 The court will grant defendant’s motion for an approximate particularization as to the time and place of the alleged commission of the crime, and for the medical proof requested by the defendant.