**UNITED STATES of America**

**v.**

**James William BAILEY, Evage James Howard, Robert Dan Sharp and Sidney Rolls, a/k/a Sidney Ross.**

**No. KC–CR–925.**

United States District Court
D. Kansas.
Jan. 13, 1967.

Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., for the government.

Roy Cook, Kansas City, Kan., for defendant James William Bailey.

Robert H. Waters, Kansas City, Kan., for defendant Evage James Howard.

Hartzell J. Whyte, Kansas City, Kan., for defendant Robert Dan Sharp.

Willard W. Wallace, Kansas City, Kan., for defendant Sidney Rolls.

## OPINION

ARTHUR J. STANLEY, Jr., Chief Judge.

The defendants are charged with the crime of kidnaping (18 U.S.C.A. § 1201). Since it is alleged in the indictment that the victim was not released unharmed, a capital offense is stated.

Defendant Ross has moved under Rule 16(a) (1), F.R.Cr.P., for an order permitting him to inspect and copy a statement made by him to police officers and agents of the Federal Bureau of Investigation. The government possesses such a statement, signed by Ross, in which he implicates others.

■ The 1966 amendment to Rule 16 authorizes the court to grant the order sought. Even before that amendment, the Supreme Court had declared it to be the better practice for confessions to be exhibited to a defendant. Cicenia v. La Gay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958); Leland v. State of Oregon, 343 U.S. 790, 801, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952).

■■ The government requests that if the motion be granted the order be so restricted as to bar counsel for Ross from permitting examination of the statement by counsel for his co-defendants. While the court is empowered by Rule 16(e) to so limit the order, I do not believe that the showing made by the government is sufficient to justify the requested restriction. The government argues that Rule 16(a) (1) is available only to the author of a statement or confession. This is true, but the purpose of Rule 16(a) (1) is not simply to permit a confessing defendant to refresh his recollection. A statement produced under the rule serves not only to inform a defendant of the contents of the statement, so that he may explain his admissions, but provides his counsel with information which might lead to the discovery of other evidence important to the defense. Persons mentioned in the statement as accomplices are certainly sources of information, and counsel should be permitted to interview them. Such interviews, even if ethically permissible, are not likely to be fruitful unless counsel for the co-defendants consent, and it is improbable that consent would be given without pre-knowledge of the contents of the statement. To grant the government's request would

rob Rule 16(a) (1) of much of its vitality.

Defendants Bailey, Howard and Sharp have each moved under Rule 14 for a severance, all contending that they would be prejudiced if tried with their co-defendant Ross. Although the ground stated in each motion is that the defenses of these defendants differ from that of Ross, the reason given during the arguments was that prejudice would arise from the reception in evidence of Ross's statement implicating the moving defendants. No inconsistency in the several defenses has been pointed out. (See Allen v. United States, 91 U.S.App.D.C. 197, 202 F.2d 329 (1952), cert. denied, 344 U.S. 869, 73 S.Ct. 112, 97 L.Ed. 674 (1952)).

Utilizing the 1966 amendment to Rule 14, the court ordered that the statement in question be delivered for *in camera* inspection. Examination of the statement reveals the basis for the movants' concern. The moving defendants argue that the prejudicial effect of the admission of Ross's statement, as to others named in it, could not be removed by an instruction to the jury that the statement must not be considered as evidence of their guilt. This amounts to no more than a speculation that the jurors would disregard clear instructions of the court in arriving at their verdict. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

■ Ordinarily, where the charge against several defendants may be proved by the same evidence and results from the same series of acts, the defendants should be tried together. (See United States v. Lebron, 222 F.2d 531 (2d Cir. 1955), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955)). The defendants are not entitled to separate trials as a matter of right. Kansas City Star Co. v. United States, 240 F.2d 643 (8th Cir. 1957), cert. denied, 354 U.S. 923, 77 S.Ct. 1381, 1 L.Ed.2d 1438 (1957). The grant of a severance is within the discretion of the court. Opper v. United States, supra. While its discretion is broad, the court must, where multiple defendants are charged, exercise the utmost care to avoid prejudicing the rights of any of them. Walton v. United States, 334 F.2d 343 (10th Cir. 1964), cert. denied, Comley v. United States, 379 U.S. 991, 85 S.Ct. 706, 13 L.Ed.2d 612 (1965).

■ To avoid even the possibility of prejudice, I have eliminated from a copy of the submitted statement all references to the names, descriptions, and places of residence of any persons mentioned by Ross as having participated in the alleged crime. The excisions have been accomplished on a photostatic copy of the statement by striking through the words I consider objectionable. The original statement and the purged copy have been returned to the United States Attorney, who shall make them available to all defense counsel for inspection and copying. Both the original and the copy shall be preserved by the United States Attorney so as to be available to the appellate court in the event of any appeal. At the trial of this case the statement of the defendant Ross, with the exception of the excised material, may, if otherwise admissible, be read to the jury with the substitution of general words such as "other person" or "other persons" in lieu of the recited names.

It is ordered that the motion of the defendant Ross for an order directing the attorney for the government to permit inspection and copying of the statement is granted. The government's request that counsel for the defendant Ross be barred from permitting examination of the statement by counsel for the other defendants is denied.

It is further ordered that the motions of the defendants Bailey, Howard and Sharp for a severance be and they hereby are denied.