Manuel G. Guerreiro, J.
 

 The respondents herein are juveniles charged with committing an act which if done by an adult, would constitute the crime of homicide.
 

 Counsel for the respondents, citing and in reliance upon section 165 of the Family Court Act, have made a number of motions and applications pursuant to the CPLR. Written interrogations totaling 104 separate questions have been served on the Police Commissioner of the City of New York, the Corporation Counsel of the City of New York, and the petitioner, a detective in the employ of the Police Department of the City of New York (CPLR 3130). A notice for oral examination before trial and for the production of documents was served on the petitioner (CPLR 3102, 3120). A notice to admit 46 separate items was served on the petitioner (CPLR 3123). These applications have been separately and jointly made by counsel. In addition counsel have formally moved for hearings on motions to suppress the statements of the respondents and the fruits of such statements, have applied for a
 
 Huntley-type
 
 hearing on the question of voluntariness, and have moved for a preliminary hearing on the question whether there exists probable cause to detain the respondents and whether a prima facie case exists as to them.
 

 These applications have thus focused on two questions: the applicability of the CPLR to juvenile delinquency proceedings, and the need to regularize the procedures in the Family Court as they relate to delinquency proceedings.
 

 Section 165 of the Family Court Act provides that the provisions of the CPLR apply to the Family Court “ to the extent they are suitable to the proceeding involved.” The Administrative Board of the Judicial Conference has not adopted any rules dealing with discovery devices in Family Court actions, nor are
 
 *357
 
 there any reported cases determining this point. (See
 
 Matter of Wayne J.
 
 (N. Y. L. J., Feb. 26, 1969, p. 2, col. 4.)
 

 In ascertaining whether discovery proceedings as contained in the CPLR are “ suitable ” to juvenile delinquency proceedings, the current practice of the Family Court must be considered. Proceedings in the Family Court are initiated by the filing of a petition. Where a police officer is the petitioner, he is represented by police counsel. In most instances in New York City, however, the petition is filed by a civilian, even though a police officer made the arrest. In such cases the petitioner is not represented by an attorney. Obviously, discovery proceedings are feasible only when both sides are represented by counsel. It has been argued that all petitioners should be represented by an attorney in the Juvenile Term of this court, whether by a Corporation Counsel, a District Attorney, or a police counsel. This suggestion, whatever its merits, is not within the competence of this court to effectuate. Another suggestion has been that all petitioners should be referred to an appropriate community law office for counsel. This is not practicable for several reasons; among them is the fact that the petitioner may not be eligible for free legal assistance, and such referrals would result in delays in hearing the cases.
 

 Another reason why the discovery provisions of the CPLR are not appropriate for juvenile proceedings is that in most instances, the respondents in the Family Court are represented by assigned counsel, whether from the Legal Aid Society or a community law office. To require those attorneys to prepare formal motion papers, notices, written interrogatories etc., would place an additional burden upon overworked counsel and would cause delays in the disposition of cases. Such delays contravene the intent of the Family Court Act which provides that once a petition is filed, the fact-finding hearing must be held within three days if the respondent is in detention (Family Ct. Act, § 747); and that adjournments may be granted only under limited circumstances (Family Ct. Act, § 748). In summary, the time-consuming procedures of the CPLR are not suitable in the statutory and practical framework of the Family Court.
 

 Are the respondents nevertheless entitled to discovery in the Family Court? If any meaning is to be given to section 165 of the Family Court Act, discovery should be granted to the extent it is appropriate in juvenile delinquent proceedings which are, “ at the very least quasi-criminal in nature”
 
 (Matter of Gregory
 
 W., 19 N Y 2d 55, 62). Indeed it would be anomalous
 
 *358
 
 to hold that discovery under the CPLR does not apply because it is not suitable to juvenile delinquent proceedings and therefore no discovery is permissible because it is not specifically authorized by statute.
 

 A juvenile respondent has the right to suppress any statements made by him which are not voluntary
 
 (Matter of Williams,
 
 49 Misc 2d 154;
 
 Matter of William L.,
 
 29 A D 2d 182;
 
 Matter of Nelson,
 
 58 Misc 2d 748). If this is so, counsel should be able to effectuate this suppression by examining any statements made by the juvenile respondent in advance of trial, particularly when a juvenile because of lack of intelligence or immaturity may have no recollection of whether he in fact made such statements.
 

 Juvenile respondents also have the right to suppress any property obtained illegally from them
 
 (Matter of Williams, supra).
 
 For the reasons, respondent’s counsel should have the right to discover whether any such property was seized and whether the petitioner plans to introduce such evidence.
 

 Procedural fairness and due process would be served also by permitting discovery of autopsy reports, or other scientific reports, photographs and diagrams in advancing trial
 
 (People
 
 v.
 
 Christiano,
 
 63 Misc 2d 433).
 

 As to written recorded statements of witnesses, the court is mindful of the decisions which hold that such material is not discoverable
 
 (People
 
 v.
 
 Graziano,
 
 46 Misc 2d 936;
 
 People
 
 v.
 
 Giles,
 
 31 Misc 2d 354;
 
 People
 
 v.
 
 Higgins,
 
 21 Misc 2d 94;
 
 People
 
 v.
 
 McDonald,
 
 59 Misc 2d 311;
 
 People
 
 v.
 
 Hawa,
 
 15 A D 2d 740, affd. 13 N Y 2d 718;
 
 People
 
 v.
 
 Abbatiello,
 
 46 Misc 2d 148), and that the proposed New York Criminal Procedure Law exempts such statements from discovery (§ 125.10, subd. 3). However, since juvenile delinquency proceedings are not covered by the Code of Criminal Procedure and the court is not persuaded by the reasons traditionally given against allowing such discovery, the court will allow discovery of all relevant statements by witnesses. (See Standards Relating to Discovery and Procedure Before Trial, pp. 52-58, American Bar Association Project on Minimum Standards for Criminal Justice.) Discovery will, of course, be subject to a protective order upon proper showing, as for example, when the witness may be in danger of being harassed or intimidated.
 

 Counsel for the respondent and the Corporation Counsel have agreed that such discovery should proceed informally without the necessity of formal application, and where possible without the intervention of the court. They are to be commended for their spirit of co-operation.
 

 
 *359
 
 All other motions will be set down for an omnibus hearing. Two further comments are necessary on the question of a Huntley-type hearing. Though
 
 People
 
 v.
 
 Brown
 
 (24 N Y 2d 168) permits the Judge without a jury to conduct such a hearing and also to preside at the trial, it is not mandated by the decision. To avoid Fifth Amendment problems, the preferable procedure is to have a separate hearing in advance of trial before another Judge. In the instant case to obviate the possibility of having contradictory decisions, counsel have stipulated to be bound at the trial by the decision at the
 
 Huntley
 
 hearing, subject, of course, to appellate review.
 

 In addition, the application for a preliminary hearing on the question of whether the respondents should be detained for further proceedings is granted, as being consonant with due process, the right to counsel, and equal protection of the law. See, also,
 
 Matter of Steven B.
 
 (30 A D 2d 442), which holds that due process and fair treatment require that the Code of Criminal Procedure be applicable to juvenile proceedings where fundamental rights are affected. Indeed, where a juvenile is in detention awaiting trial, he should always be accorded a preliminary hearing before a Judge of this court to determine not only whether the delinquent act occurred but whether there is sufficient cause to believe the respondent committed it. This hearing should be limited to probable cause and should permit hearsay declarations under oath (Proposed New York Criminal Procedure Law, § 90.50).