DISTRICT OF COLUMBIA, Appellant,

v.

Henry James JACKSON, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Carlton Merchand SIMPSON, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Freddie Marcellee ALSTON, Appellee.

Nos. 4934, 4935, 4936.

District of Columbia Court of Appeals.

Argued July 7, 1969.

Decided Jan. 28, 1970.

Richard W. Barton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Leo N. Gorman, Asst. Corp. Counsel, were on the brief, for appellant District of Columbia.

Anthony Nuzzo, Jr., Washington, D. C., for appellee in Nos. 4934 and 4936.

John A. Shorter, Jr., Washington, D. C., for appellee in No. 4935.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

These are consolidated appeals by the District of Columbia from orders of the Juvenile Court dismissing petitions against these three juveniles. Each was charged separately with rape in violation of D.C. Code 1967, § 22–2801. In each case, extensive pre-trial discovery motions were filed and opposed by appellant. Though the Juvenile Court has no rule providing for discovery, it granted the motions in substantial part, and provided that the petitions would be dismissed if the District of Columbia did not make reasonable compliance. On the failure of the District to comply, they were dismissed. We have for decision whether the court erred in dismissing these petitions. We hold it did.

It is unnecessary to delineate with particularity the requests made in these motions. It is enough to say that they sought for production, inspection and perhaps copying such things as (a) any statements, confessions or admissions by the respondents, (b) the results of physical or mental examinations, (c) photographs and reports of any known and latent fingerprints and footprints made in this case, (d) reports or analyses of blood, semen, hair, skin, clothing and any other substance made in this case, (e) any records of previous complaints by these alleged victims of sexual assaults maintained by the Police Department, and (f) all other information and evidence which might be favorable to the respondents.

■ The basic question here is whether the refusal of the government to comply with the court's grant of the motions for discovery justified the dismissal of the three petitions. This in turn raises the question whether the refusal of the government to comply with the court's orders at a pre-trial stage of the proceedings cast the die for a deprivation of due process of law, a denial of equal protection of the law, or a deprivation of the right to effective as-

sistance of counsel at trial. In other words, in a broad sense, did the government's action at the pre-trial stage establish that the petitioners would not receive a fair trial. We might say at the outset that this court has ruled to the effect that there is no entitlement to pre-trial discovery in the Juvenile Court. In re Ketcham, D.C.App., (No. 2773 Original, decided July 29, 1964); In re Ketcham, D.C.App., (Nos. 2704 and 2705 Original, decided June 26, 1964); In re Ketcham, D.C.App., (No. 2716 Original, decided June 26, 1964). No statute has been enacted or rule of court adopted subsequently to affect those decisions. It would be ill-advised for this court to attempt to engraft pre-trial discovery procedures upon the Juvenile Court. This is a problem for consideration by that court as an entity.[1]

■ This leaves whether the refusal of the government to comply with the pre-trial orders of the court amounted to a deprivation of the constitutional rights alluded to, then and there establishing a denial of the juveniles' rights to a "fair trial." We are unable to say that it did. The concept of fairness implicit in due process does not mandate discovery in adult criminal trials. Cicenia v. LaGay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958).

■ Appellants argue, further, that they are being denied equal protection of the law because they would obtain pre-trial discovery if they were defendants in a criminal proceeding in this jurisdiction. There is sufficient dissimilarity between juvenile proceedings and criminal proceedings, however, to deny application of the doctrine to this issue. Criminal trials are comparatively formalistic. But flexible and informal procedures are essential to the *parens patriae* function of the Juvenile Court, Harling v. United States, 111 U.S. App.D.C. 174, 177, 295 F.2d 161, 164 (1961); and we have not been made aware that the Juvenile Court in this jurisdiction departs

1. As this opinion indicates, this is yet another in a series of juvenile cases where individual judges have ordered some form of discovery.

in practice from that philosophy. *See* United States v. Dickerson, 106 U.S.App. D.C. 221, 225, 271 F.2d 487, 491 (1959).

 Appellants point to In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), in support of this contention. But in capsulizing the scope of its decision in *Gault,* the court said:

> [W]e do not mean * * * to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment. In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L. Ed.2d 527 (1967), quoting Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

Though the worth of pre-trial discovery in criminal proceedings is now established, the differences in concept between criminal and juvenile proceedings afford a rational basis to accord pre-trial discovery in one but not the other from the constitutional standpoint of equal protection of the law.

In any event, it is too early in the proceeding to make a judgment that a fair trial has already been denied to these juveniles. By the time the proceedings terminate their forebodings may vanish. It may eventuate at the outset of the hearing that the trial judge will decide in the interests of fairness to grant the juveniles prior inspection of such things as any statements made by them to the police or the laboratory reports. The record contains indication that the government has documents of this nature. While the government has here opposed application of the general concept of pre-trial discovery, it may well not oppose such specific requests, if made. In fact, to some extent the government seems to concede as much in its brief when it states that if adverse evidence of which the juveniles are unaware is introduced, the trial court in its discretion may grant a continuance so they may effectively confront such evidence (Brief for appellant at 11). On the other hand, the court and parties may work out a more expeditious procedure than that in advance.

 We think the petitions should be reinstated and the proceedings resumed. It hardly needs to be said that if the government is in possession of exculpatory information, this should be given to the juveniles as they requested. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The rationale of *Brady* and its progeny should not be confined to adult criminal cases.

Reversed and remanded with instructions to vacate the dismissals of the petitions in these three cases and to set the proceedings for trials at the earliest dates practicable.