[L.A. No. 29806. In Bank. Dec. 29, 1970.]

JOE Z., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

**COUNSEL**

Richard S. Buckley, Public Defender, Rickard Santwier and Kathryn J. McDonald, Deputy Public Defenders, for Petitioner.

John D. Maharg, County Counsel, Douglas C. Miller, Deputy County Counsel, Evelle J. Younger, District Attorney, Harry Wood and Donald J. Kaplan, Deputy District Attorneys, for Respondent and for Real Parties in Interest.

## OPINION

**BURKE, J.**—In this case we discuss the extent to which juveniles in delinquency proceedings are entitled to the benefit of pretrial discovery. We have concluded that the juvenile courts have the inherent and discretionary power to permit pretrial discovery upon a showing of good cause, that in the instant case the court exceeded its discretion in denying petitioner inspection of his own statements and admissions to the police and the recordings of his conversations with them, but that petitioner has failed to establish good cause for inspection of the statements, admissions and recorded conversations of his former codefendants.

Petitioner, a 15-year-old juvenile, was arrested on May 16, 1970, for allegedly violating Penal Code sections 187 (murder) and 217 (assault with intent to commit murder—two counts). Pursuant to sections 602 and 650 of the Welfare and Institutions Code, proceedings were initiated to declare petitioner a ward of the juvenile court. On May 21, at the detention hearing (Welf. & Inst. Code, § 632), a deputy public defender was appointed to represent petitioner, who was ordered detained pending adjudication of delinquency. On June 3, petitioner's counsel filed a motion for pretrial discovery, together with a declaration of counsel and memorandum of points and authorities, seeking inspection of material falling principally in these two categories: (1) All oral and written statements and admissions of petitioner and the recorded or transcribed conversations with him, together with all notes or memoranda regarding such conversations, and (2) all statements, admissions and conversations of petitioner's "codefendants," the minors Joe S. and Robert A. Counsel's declaration in support of the motion alleged that the foregoing information was necessary in order to prepare for the adjudication hearing, was relevant and material to the case, was solely under the control of the police or district attorney, and was "not known to the minor or his counsel."

The court, proceeding upon the assumption that it had the inherent power to order discovery, nevertheless denied without prejudice petitioner's request to inspect his own statements, admissions and conversations. The court indicated, however, that it would grant a renewed motion to inspect such material if supported by an affidavit of petitioner averring that he could not recall the contents of his statements or conversations and therefore sought inspection to refresh his recollection.[1] The court denied with

---

[1]Although petitioner has alleged that he was asked to furnish an affidavit "stating the contents of the conversation," the People assert that only a nonrecollection affidavit was required and that petitioner was not asked to furnish additional affirmative evidence as a condition to obtaining his prior statements. In view of our determination that petitioner's statements were discoverable without regard to the state

prejudice petitioner's request to inspect the statements, admissions and conversations of Joe S. and Robert A. Petitioner now seeks mandate to compel respondent court to grant pretrial inspection as to both categories of material. Real parties in interest and respondent (through county counsel) apparently concede that mandate is the appropriate remedy to enforce an asserted right to pretrial discovery. (See *Ballard* v. *Superior Court,* 64 Cal.2d 159, 167-168 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].)

As a preliminary matter, we must determine to what extent, if any, a juvenile is entitled to invoke pretrial discovery in delinquency proceedings in juvenile court. The provisions of the Welfare and Institutions Code which establish and define the scope of these proceedings (Welf. & Inst. Code, § 500 et seq.) are silent regarding this question, and there appear to be no reported decisions in California which have considered it.

Initially, we do not believe that the extensive discovery procedures generally applicable to "civil" proceedings are or should be available to minors in juvenile court. Section 2035 of the Code of Civil Procedure in effect makes civil discovery applicable to special proceedings of a civil nature "whenever it is necessary so to do." Since proceedings in juvenile court are not criminal proceedings (Welf. & Inst. Code, § 503), presumably they are "civil" (see Code Civ. Proc., § 24) or "essentially civil," as they have been previously described (*In re Dennis M.,* 70 Cal.2d 444, 462 [75 Cal.Rptr. 1, 450 P.2d 296]). ■ However, the " 'civil' label-of-convenience" (*In re Gault,* 387 U.S. 1, 50 [18 L.Ed.2d 527, 558, 87 S.Ct. 1428]) cannot obscure the quasi-criminal nature of juvenile proceedings, involving as they often do the possibility of a substantial loss of personal freedom. ■ Moreover, the need for expeditious and informal adjudications in juvenile court (see Welf. & Inst. Code, § 680) belies the wisdom or necessity of any indiscriminate application of civil discovery procedures. (See *In re Juvenile Delinquents,* 60 Misc.2d 355 [303 N.Y.S.2d 406]; Boches, *Juvenile Justice in California: A Re-evaluation,* 19 Hastings L.J. 47, 86-87.)

Nevertheless, the quasi-criminal character of delinquency proceedings does lead us to conclude that the juvenile courts should have the same degree of discretion as a court in an ordinary criminal case to permit, upon a proper showing, discovery between the parties. ■ Authority for such discovery derives not from statute but from the inherent power of every court to develop rules of procedure aimed at facilitating the administra-

---

of his recollection thereof, we need not resolve this factual question nor reach the issue whether requiring either form of affidavit would have violated petitioner's privilege against self-incrimination.

tion of criminal justice and promoting the orderly ascertainment of the truth. (See *Jones* v. *Superior Court,* 58 Cal.2d 56, 59-60 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]; *Powell* v. *Superior Court,* 48 Cal.2d 704, 708 [312 P.2d 698]; cf. *Shively* v. *Stewart,* 65 Cal.2d 475, 478-480 [55 Cal.Rptr. 217, 421 P.2d 65, 28 A.L.R.3d 1431].) To assist us in determining whether the juvenile court exceeded the bounds of its discretion in denying petitioner's motion herein, we turn to the cases which have passed upon similar motions in the context of a criminal proceeding.

### 1. *Statements, Admissions and Conversations of Defendant.*

This court has on several occasions sanctioned the inspection of statements, admissions or recorded conversations of the defendant in a criminal case. In *Powell* v. *Superior Court, supra,* 48 Cal.2d 704, 707, we set forth the rationale underlying such discovery, stating that "to deny inspection of defendant's statements would . . . be to lose sight of the objective of ascertainment of the facts, and would be out of harmony with the policy of this state that the goal of criminal prosecutions is not to secure a conviction in every case by any expedient means, however odious, but rather, only through establishing the truth upon a public trial fair to defendant and the state alike." We took notice in *Powell* (p. 708) of "a widely recognized rule that application for pretrial inspection of a signed[2] confession or admission or transcript of statements of an accused may be made by the latter and is addressed to the sound judicial discretion of the trial court, which has inherent power to order such an inspection in the interest of justice. [Citations.]" Accordingly, having concluded that such discovery was appropriate in *Powell,* we granted mandate to enable defendant to inspect his statements prior to trial. We reached similar results in *Vance* v. *Superior Court,* 51 Cal.2d 92 [330 P.2d 773], *People* v. *Cartier,* 51 Cal.2d 590 [335 P.2d 114], and *Cash* v. *Superior Court,* 53 Cal.2d 72 [346 P.2d 407], which cases involved tape recordings of defendants' statements or conversations with police.

In each of the foregoing cases, defendant or his attorney had supported the request for inspection with an affidavit which stated, among other things, that defendant was unable to recall the substance of his statement or conversation and that pretrial inspection thereof was necessary to refresh his recollection. The People herein urge that such an affidavit is a prerequisite to discovery, or at least that the trial court should have discretion to require it as a condition to discovery. Indeed, some cases and authorities appear to

---

[2]In California, the defendant no longer must show that the statements sought have been signed or acknowledged as accurate (*Funk* v. *Superior Court,* 52 Cal.2d 423, 424 [340 P.2d 593]), or are otherwise admissible into evidence (*People* v. *Cooper,* 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964]).

make that assumption. (See *Vance* v. *Superior Court, supra,* 51 Cal.2d 92, 93; *People* v. *Cartier, supra,* 51 Cal.2d 590, 594; *Cordry* v. *Superior Court,* 161 Cal.App.2d 267, 268 [326 P.2d 222]; Louisell, Modern California Discovery, § 13.05, pp. 409-410; Traynor, *Ground Lost and Found in Criminal Discovery,* 39 N.Y.U.L.Rev. 228, 244.) However, such a requirement would necessarily be founded upon the false premise that the only good cause for pretrial inspection of such material is to refresh defendant's memory. ■ On the contrary, inspection is ordinarily vital for the intelligent and efficient preparation of one's defense, quite apart from assisting the defendant in remembering what he said to police officers.

First of all, due to the obvious incriminatory effect of a confession or admission, it becomes "uniquely important" that defense counsel be permitted to inspect and copy the statement to assist him in determining its voluntary character and its admissibility. (Moore, *Criminal Discovery,* 19 Hastings L.J. 865, 882; see Note, *Developments in the Law—Discovery,* 74 Harv.L.Rev. 940, 1055.) In addition, counsel will need to know the precise words used by defendant in his statement in order to determine its probable impact upon the trier of fact, its relevance to the penalty or sentencing phase of the proceedings, its completeness and accuracy, and its possible prejudicial effect. (See Moore, *supra,* 19 Hastings L.J. 865, 883, fn. 103; Fletcher, *Pretrial Discovery in Criminal Cases,* 12 Stan.L.Rev. 293, 306-307.)

Pretrial inspection affords the defendant an opportunity to clarify and correct ambiguities or errors in transcription, and provides his counsel with information which might lead to the discovery of other evidence important to the defense. (See, Note, *supra,* 74 Harv.L.Rev. 940, 1055; *United States* v. *Padrone* (2d Cir. 1969) 406 F.2d 560; *United States* v. *Bailey* (D.Kan. 1967) 262 F.Supp. 331, 332.) Moreover, pretrial inspection of taped or transcribed conversations between defendant and police officers may furnish valuable opportunities for impeachment at trial. As this court stated in *Cash* v. *Superior Court, supra,* 53 Cal.2d 72, 76, "Thus careful study of the details of the conversation, particularly if there were ambiguities, would be necessary for an intelligent preparation of the defense, and the recordings requested, if they exist and are of audible quality, would prove the most reliable source of such details."[3]

The foregoing considerations would apply with equal force to delinquency

---

[3]Federal Rule of Criminal Procedure 16, subdivision (a), authorizes pretrial inspection of any relevant "written or recorded statements or confessions made by the defendant . . ." without regard to the state of defendant's recollection thereof. See also the recommendations of the Advisory Committee on Pretrial Proceedings, American Bar Association, contained in Standards Relating to Discovery and Procedure Before Trial (Tentative Draft 1969), Part II, hereinafter referred to as "A.B.A. Standards."

proceedings in juvenile court. Indeed, the minority of the accused furnishes an additional compelling reason for permitting pretrial inspection of his statements and admissions. The Supreme Court in *In re Gault, supra,* 387 U.S. 1, emphasized that a minor's statements should be reviewed with "special caution" (p. 45 [18 L.Ed.2d p. 556]), since "authoritative opinion has cast formidible doubt upon the reliability and trustworthiness of 'confessions' by children" (p. 52 [18 L.Ed.2d p. 560]). In this state, we carefully review the "totality of circumstances" in each particular case to determine whether a minor's statement is truly voluntary. (*People* v. *Lara,* 67 Cal.2d 365, 381-387 [62 Cal.Rptr. 586, 432 P.2d 202]; see *In re Dennis M., supra,* 70 Cal.2d 444, 462-463.) Pretrial inspection of the statement would be essential to enable counsel to assess its voluntary character.

█ We conclude that a minor's statements, admissions, recorded conversations, and the notes and memoranda concerning those conversations[4] are discoverable even though the minor fails to allege nonrecollection thereof. (See *In re Juvenile Delinquents, supra,* 303 N.Y.S.2d 406, 409; Boches, *supra,* 19 Hastings L.J. 47, 86-87; but see *District of Columbia* v. *Jackson* (App.D.C.) 261 A.2d 511.)

Of course, we do not suggest that the minor is entitled to inspect his statements, or any other material, as a matter of right without regard to the adverse effects of disclosure and without a prior showing of good cause. In criminal cases, the court retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate governmental interest. (See *People* v. *Lopez,* 60 Cal.2d 223, 246-247 [32 Cal.Rptr. 424, 384 P.2d 16]; *Powell* v. *Superior Court, supra,* 48 Cal.2d 704, 707-708.) Additionally, the court has discretion to deny discovery in the absence of a showing which specifies the material sought and furnishes a "plausible justification" for inspection. (See *Ballard* v. *Superior Court, supra,* 64 Cal.2d 159, 167; cf. Kaufman, *Criminal Discovery and Inspection of Defendant's Own Statements in the Federal Courts,* 57 Colum.L.Rev. 1113, 1118.) As stated in *People* v. *Cooper, supra,* 53 Cal.2d 755, 770, a defendant in a criminal case must furnish better cause for inspection than a "mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime." (See also *People* v. *Lane,* 56 Cal.2d 773, 786 [16 Cal.Rptr. 801, 366 P.2d 57]; *People* v. *Dickerson,* 270 Cal.App.2d 352, 359 [75 Cal.Rptr. 828].)

█ The juvenile courts should possess a like degree of discretion in

---

[4] For cases permitting the inspection of notes or memoranda of defendant's conversations in a criminal proceeding, see *Funk* v. *Superior Court, supra,* 52 Cal.2d 423, 424; *People* v. *Superior Court,* 264 Cal.App.2d 694, 699 [70 Cal.Rptr. 480]; *McCarthy* v. *Superior Court,* 162 Cal.App.2d 755, 759 [328 P.2d 819].

determining the extent to which they will permit pretrial discovery in delinquency proceedings. ■ However, in the instant case, real parties have not contended that disclosure of petitioner's statements would adversely affect their case or violate some other governmental interest, and petitioner has shown good cause for inspection. As set forth above, petitioner alleged, through counsel, that the information sought was necessary for the preparation of the defense, was relevant and material to the case, was solely in the control of real parties, and was unknown to petitioner or his counsel. Although these allegations could have been more precise and factual, they are adequate in view of the gravity of the charges brought against petitioner, and the general necessity for pretrial inspection of a minor's statement or confession. Accordingly, we have concluded that the juvenile court exceeded its discretion in denying discovery of this material merely because petitioner failed to allege his nonrecollection thereof.

### 2. *Statements, Admissions and Conversations of Former Codefendants.*

As noted above, petitioner also moved to inspect the statements, admissions and conversations of two other juveniles, whom petitioner then characterized as his "codefendants." ■ As a general rule, a defendant in a criminal case may, for purposes of impeachment, inspect the statements or recorded conversations of any witness whom the prosecution intends to call at trial. (*People* v. *Estrada,* 54 Cal.2d 713, 716 [7 Cal.Rptr. 897, 355 P.2d 641]; *People* v. *Cooper, supra,* 53 Cal.2d 755, 769; *Cash* v. *Superior Court, supra,* 53 Cal.2d 72, 75-76; *Funk* v. *Superior Court, supra,* 52 Cal.2d 423, 424; *Tupper* v. *Superior Court,* 51 Cal.2d 263 [331 P.2d 977]; see *People* v. *Riser,* 47 Cal.2d 566, 587 [305 P.2d 1].) This rule has been extended to include the statements of one's codefendants in a joint trial. (*People* v. *Aranda,* 63 Cal.2d 518, 527-528, fn. 6 [47 Cal.Rptr. 353, 407 P.2d 265]; *People* v. *Garner,* 57 Cal.2d 135, 142 [18 Cal.Rptr. 40, 367 P.2d 680].) Therefore, the juvenile court may have exceeded its discretion in denying inspection of the statements of petitioner's codefendants, at least upon the basis of the facts then before the court.

However, real parties have pointed out that following the court's denial of petitioner's motion, the proceedings against these minors were severed from petitioner's case and were terminated following their pleas of guilty to lesser offenses. Moreover, real parties state that "the District Attorney plans to call neither of them [the minors] at the Juvenile Court hearing in this matter," and offer to furnish the statements to petitioner in the event the district attorney decides to call the minors as witnesses. In each of the cases cited above, the declarants were to be called at trial, thereby justifying pretrial disclosure of their statements or conversations. None of these cases suggests that such material must be made available to defendant simply be-

cause it might assist in the preparation of the defense. To the contrary, in *People* v. *Cooper, supra,* this court upheld the trial court's discretionary denial of a defense motion to inspect all statements gathered by the prosecution, whether or not the declarants were to testify at trial. We pointed out that the prosecution can be compelled to disclose the names and addresses of all such witnesses or declarants, and that defendant may subpoena and question them without interference by the prosecution. We concluded that although defendant need not establish the admissibility of the information sought, he must show more than a "mere desire" to inspect it. (See also A.B.A. Standards, *supra,* Part II, § 2.1, subd. (a), subsecs. (i) and (ii), pp. 52-53, and commentary at pp. 56-58, 61-62.) These principles would be equally applicable to deliquency proceedings.[5]

■ Petitioner makes no showing that pretrial discovery of the statements and conversations of his former codefendants are in fact necessary for the preparation of his case, and he offers no explanation why he could not obtain the factual information contained therein directly from the juveniles themselves. (Compare *Vetter* v. *Superior Court,* 189 Cal.App.2d 132, 136 [10 Cal.Rptr. 890].) Accordingly, petitioner has not established his present right to a writ of mandate with respect to this material.

In the event the district attorney does decide to call Joe S. or Robert A. as witnesses at petitioner's adjudication hearing, petitioner may renew his application for inspection and, if appropriate, may request a reasonable continuance in order to examine the information furnished.[6]

Let a peremptory writ of mandate issue with respect to that portion of petitioner's motion which sought pretrial inspection of his own statements, admissions, conversations, and notes or memoranda pertaining thereto.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., Sullivan, J., concurred.

---

[5]Of course, just as the prosecution in a criminal case may have an affirmative duty to disclose, upon request, evidence which exculpates defendant (see *Brady* v. *Maryland,* 373 U.S. 83, 87 [10 L.Ed.2d 215, 218, 83 S.Ct. 1194]), real parties should disclose to petitioner any exculpatory evidence contained in the statements or conversations of his former codefendants. (*District of Columbia* v. *Jackson, supra,* 261 A.2d 511, 513.)

[6]Similarly, if petitioner in good faith asserts that he intends to call these juveniles as *defense* witnesses, he may have a legitimate need to examine the contents of their statements in order to assess the probable credibility of their testimony and the extent to which they may be impeached.