[No. A055771. First Dist., Div. One. Sept. 29, 1992.]

ROBERT S., Petitioner, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Patrick Sun for Petitioner.

Wilbur F. Littlefield, Public Defender, Albert J. Menaster and Sue Robin Pollock, Deputy Public Defenders, as Amici Curiae on behalf of Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and David D. Salmon, Deputy Attorneys General, for Real Party in Interest.

## OPINION

### DOSSEE, J.—

#### SUMMARY AND ISSUES

By petition for extraordinary writ, Robert S. challenges an order entered in his pending juvenile court delinquency proceeding[1] which requires him to provide certain discovery to the prosecutor. As will be seen, we uphold the discovery order and deny the peremptory writ.

In the pending delinquency proceeding, the minor is alleged to have committed murder (Pen. Code, § 187, subd. (a)), and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). Enhancements are pleaded as well pursuant to Penal Code sections 12022, subdivision (d) (personal use of a knife), 12022.7 (great bodily injury), 1192.7, subdivision (c)(8) (serious felony) and 186.22, subdivision (b)(1) (criminal street gang related). The crimes occurred January 1, 1991, when the minor was 14 years old.

Following the prosecutor's discovery motion and briefing and argument by the parties, respondent juvenile court ordered the People and the minor to provide one another with the names and addresses of witnesses to be called at trial, relevant written or recorded statements of those witnesses, reports of experts to be called at trial, results of physical and mental examinations to be used at trial, and real evidence to be offered at trial. Respondent relied on its discretionary authority (*Joe Z. v. Superior Court* (1970) 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26] (*Joe Z.*)) "to permit, upon a proper showing, discovery between the parties." (*Id.* at p. 801.)

The minor petitioned this court, challenging the order to the extent that it required him to provide discovery to the prosecution. We summarily denied

---

[1]The petition against Robert was filed pursuant to Welfare and Institutions Code section 602. Hereafter, we shall use the phrase delinquency proceeding to refer to juvenile court proceedings on criminal causes. (Welf. & Inst. Code, §§ 602, 777, 707.) Nothing in this opinion is intended to apply to other juvenile court matters.

the petition; the minor sought review in the California Supreme Court and requested a stay of his then-pending jurisdictional hearing. Our high court granted review and retransferred the matter to us with directions that we issue our alternative writ. (Code Civ. Proc., §§ 1087, 1104, 1105.)[2] We complied and granted the pending stay request.

The People contend that the order of the juvenile court is justified because the discovery provisions of Proposition 115 (Cal. Const., art. I, § 30, subd. (c) and Pen. Code, § 1054 et seq.) were intended to be and are applicable to delinquency proceedings. Alternatively, it is argued that the law governing discovery in adult cases may apply at the discretion of the juvenile court.

The minor responds that the discovery provisions of Proposition 115 are inapplicable to juvenile delinquency proceedings and that in any case, they are unworkable in the time frames mandated in such cases.

Assuming the inapplicability of Proposition 115's discovery provisions, the minor claims that the challenged order necessarily violates his state constitutional privilege against self-incrimination (Cal. Const., art. I, § 15) as interpreted by the California Supreme Court in *In re Misener* (1985) 38 Cal.3d 543 [213 Cal.Rptr. 569, 698 P.2d 637] (*Misener*), *People* v. *Collie* (1981) 30 Cal.3d 43 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R.4th 776] (*Collie*), and their predecessors, beginning with *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673] (*Prudhomme*). And, relying on *Wardius* v. *Oregon* (1973) 412 U.S. 470 [37 L.Ed.2d 82, 93 S.Ct. 2208], he objects that the order is forbidden by the due process clause of the Fourteenth Amendment to the United States Constitution.[3] He maintains as well that the order violates the Fifth and Sixth Amendments to the United States Constitution and the attorney work product rule. Last, he argues that the California Rules of Court govern discovery in delinquency proceedings and that the challenged order conflicts with those rules.

## DISCUSSION

As the People concede, the discovery provisions of Proposition 115, expressly apply only to "criminal cases" (Cal. Const., art. I, § 30, subd. (c); Pen. Code, § 1054.5, subd. (a)), and use terms inapplicable to delinquency

---

[2]Such an order constitutes a determination that petitioner is without an adequate remedy in the ordinary course of law (*Omaha Indemnity Co.* v. *Superior Court* (1989) 209 Cal.App.3d 1266, 1274-1275 [258 Cal.Rptr. 66]), but not that he is necessarily correct in his arguments on the merits.

[3]The minor explicitly raised these two claims for the first time in his petition for rehearing, following filing of our opinion. The People raise no objection that he waived the issues which will inevitably recur and need resolution. We granted rehearing to address them.

proceedings. (E.g., "defendant," "prosecuting attorney," and "jury." (Pen. Code, §§ 1054.1, 1054.2, 1054.5 and 1054.6).) ■ It is axiomatic that "[w]ords used in a . . . constitutional provision should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of . . . the voters . . . . [Citations.]" (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

■ Moreover, the electorate is deemed to have been aware of existing laws and judicial constructions at the time an initiative is enacted. (*People* v. *Weidert* (1985) 39 Cal.3d 836, 844 [218 Cal.Rptr. 57, 705 P.2d 380].) In *People* v. *Weidert, supra,* our high court was confronted with a question analogous to that before us—whether an initiative amending the state's death penalty statute was applicable to juvenile court proceedings despite its exclusive reference to "criminal" proceedings. The high court's answer to that question was identical to the conclusion we reach today. Holding the amendment inapplicable to juvenile proceedings, the court explained that "[f]or over 20 years, California law has provided that '[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, *nor shall a proceeding in the juvenile court be deemed a criminal proceeding.*' (Welf. & Inst. Code, § 203, italics added.) The plain fact is that the electorate, deemed aware of section 203, enacted a provision which contains no language applicable to juvenile proceedings.

"The 1976 reenactment of Welfare and Institutions Code section 203 . . . also supports our conclusion. That reenactment came after a number of court decisions accorded juveniles many of the protections available to adult defendants. Further, many other statutory provisions giving minors the same rights as adults were passed at the time of the reenactment. This reaffirmation of the distinction between juvenile and criminal proceedings shows the clear intent of the Legislature. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"Where the language of a statute uses terms that have been judicially construed, 'the presumption is almost irresistible' that the terms have been used 'in the precise and technical sense which had been placed upon them by the courts.' [Citations.] This principle applies to legislation adopted through the initiative process. [Citation.]" (*People* v. *Weidert, supra,* 39 Cal.3d at pp. 844-846, fns. omitted.)

■ In enacting Proposition 115, the voters are thus deemed to have been aware of the distinction between juvenile and criminal proceedings set forth

in Welfare and Institutions Code section 203. Yet they failed to specifically include juvenile proceedings in the reciprocal discovery provisions. Such a failure becomes meaningful in discerning the framers' intent because elsewhere Proposition 115 amended the very Penal Code section at issue in *People* v. *Weidert, supra,* 39 Cal.3d 836 (Pen. Code, § 190.2, subd. (a)(10)) so that it now expressly includes "juvenile proceedings."[4]

We therefore are compelled to hold that the voters did not intend to mandate application of the discovery provisions of Proposition 115 to juvenile delinquency proceedings.[5]

■ We nevertheless agree with the People that the juvenile court had the discretionary authority to make a discovery order consistent with Penal Code section 1054 et seq. We reject the minor's argument that the discretion afforded juvenile courts to order discovery in delinquency proceedings is limited by the state constitutional privilege against self-incrimination as construed by the California Supreme Court in *Prudhomme, supra,* 2 Cal.3d 320, *Collie, supra,* 30 Cal.3d 43 and *Misener, supra,* 38 Cal.3d 543.

For over 20 years, discovery practice in delinquency proceedings has been generally derived from that in adult criminal cases. Our high court, in *Joe Z., supra,* 3 Cal.3d 797, concluded "that the juvenile courts have the inherent and discretionary power to permit pretrial discovery upon a showing of good cause . . . ." (*id.,* at p. 800), and that while delinquency proceedings are "essentially civil" (*In re Dennis M.* (1969) 70 Cal.2d 444, 462 [75 Cal.Rptr. 1, 450 P.2d 296]), "the need for expeditious and informal adjudications in juvenile court . . . belies the wisdom or necessity of any indiscriminate application of civil discovery procedures." (*Joe Z., supra,* 3 Cal.3d 797, 801.) The court explained that the proceedings were "quasi-criminal" in character, "involving as they often do the possibility of a substantial loss of personal freedom" (*ibid.*), and granted juvenile courts "the same degree of discretion as a court in an ordinary criminal case to permit, upon a proper showing, discovery between the parties." (*Ibid.*)

The minor and amicus curiae correctly point out that in *Collie, supra,* 30 Cal.3d 43 the Supreme Court prohibited "judicial attempts to frame prosecutorial discovery orders" (*id.,* at p. 55) as violative of the state self-incrimination privilege, and that in *Misener, supra,* 38 Cal.3d 543 the court

---

[4]Proposition 115 also amended article I, section 24 of the California Constitution and in doing so made specific reference to "minors in juvenile proceedings on criminal causes." That amendment, however, was declared an invalid constitutional revision in *Raven* v. *Deukmejian* (1990) 52 Cal.3d 336, 355 [276 Cal.Rptr. 326, 801 P.2d 1077].

[5]We therefore need not address the minor's claim that the time frames mandated for discovery in criminal cases are unworkable in delinquency proceedings. We note, however, that they do not appear to conflict with the statutory scheme in delinquency cases. (Compare Pen. Code, §§ 1054.5, subd. (b), 1054.7 and Welf. & Inst. Code, §§ 636, 657.)

likewise struck down a legislative attempt to permit such discovery. They agree with our conclusion that the voters did not mandate application of discovery provisions of Proposition 115 in delinquency proceedings, and so argue that California's self-incrimination privilege, as restricted by *Collie*, *Misener*, and their predecessors (beginning with *Prudhomme, supra*, 2 Cal.3d 320) continue to prohibit reciprocal discovery in juvenile cases.

The minor and amicus curiae are mistaken. Their argument ignores the historically sui generis character of juvenile court proceedings (*T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981]) and the fact that *Prudhomme, Collie*, and *Misener* are criminal cases. Safeguards granted defendants in criminal proceedings have never been applied ipso facto in juvenile court. It was only in 1967 that the United States Supreme Court in *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428] (*Gault*), "inaugurated a sweeping constitutional reform of the rights of juveniles in this country" (*In re Dennis M., supra*, 70 Cal.2d at p. 450), and held that juvenile court adjudications of delinquency "must measure up to the essentials of due process and fair treatment." (*Kent v. United States* (1966) 383 U.S. 541, 562 [16 L.Ed.2d 84, 97-98, 86 S.Ct. 1045]; (*In re Dennis M., supra*, 70 Cal.2d at p. 451.)

While many of *Gault*'s required safeguards for juveniles were a part of California's statutory scheme six years before the decision, in 1967 the Legislature "adopted numerous amendments designed to comply with the entire mandate of *Gault*, by implementing in considerable detail the juvenile's right to notice, to counsel, to confrontation and cross-examination, and his privilege against self-incrimination." (*In re Dennis M., supra*, 70 Cal.2d at p. 453.)[6]

Even after *Gault*, the scope of essential due process for juveniles remained to be developed through subsequent decisions, state and federal.[7] The state

---

[6]Welfare and Institutions Code section 702.5 provides, "In any hearing conducted pursuant to Section 701 or 702 to determine whether a minor is a person described in Section 601 or 602, the minor has a privilege against self-incrimination and has a right to confrontation by, and cross-examination of, witnesses."

[7]Thus, *In re Dennis M., supra*, 70 Cal.2d at pages 450-451, held that a standard of proof beyond a reasonable doubt was not mandated by *Gault*. But, shortly thereafter, the United States Supreme Court reached the opposite result in *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]. In *Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 375 [93 Cal.Rptr. 752, 482 P.2d 664] the double jeopardy provision of the California Constitution (and its federal counterpart) was held applicable to juveniles. Yet minors in California have never had a right to trial by jury (Cal. Const., art. I, § 16; *People* v. *Superior Court* (*Carl W.*) 15 Cal.3d 271, 274 [124 Cal.Rptr. 47, 539 P.2d 807].) And *In re Mitchell P.* (1978) 22 Cal.3d 946 [151 Cal.Rptr. 330, 587 P.2d 1144] held that Penal Code section 1111—providing that

privilege against self-incrimination—independent of its federal counterpart——was applied to minors in delinquency proceedings for the first time[8] in *Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802, 804 [210 Cal.Rptr. 204, 693 P.2d 789], when our high court declared that the exclusionary use immunities carved out in prior juvenile court decisions (*In re Wayne H.* (1979) 24 Cal.3d 595, 602 [156 Cal.Rptr. 344, 596 P.2d 1]; *Bryan* v. *Superior Court* (1972) 7 Cal.3d 575, 586-589 [102 Cal.Rptr. 831, 498 P.2d 1079]; *Sheila O.* v. *Superior Court* (1981) 125 Cal.App.3d 812, 816 [178 Cal.Rptr. 418]) were mandated by the state constitution and therefore survived the passage of Proposition 8. (Cal. Const., art. I, § 28, subd. (d).) Notably, *Ramona R.* did not purport to resolve like issues in criminal cases.[9] Nor did it purport to define the scope of a minor's state privilege against self-incrimination beyond the subject of the use immunities at issue in the case.

We have found no reported decision in California holding (as did *Collie, supra*, and *Misener, supra*, in criminal cases) that the state self-incrimination privilege prohibited court-ordered prosecutorial discovery in delinquency proceedings. The voters of California, in passing the discovery provisions of Proposition 115, defined the scope of the existing self-incrimination privilege to permit the right to reciprocal discovery in criminal cases. (*People* v. *Valentine* (1986) 42 Cal.3d 170, 181 [228 Cal.Rptr. 25, 720 P.2d 913].) In doing so, they abrogated *Prudhomme* and its progeny, removing the "roadblock to prosecutorial discovery." (*Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 371 [285 Cal.Rptr. 231, 815 P.2d 304].)

As we have seen, our high court has determined that discovery in delinquency proceedings should parallel that in criminal cases. There being no constitutional impediment to reciprocal discovery in criminal cases, the juvenile court's order here was not an abuse of discretion. (*Joe Z., supra*, 3 Cal.3d 797, 801.)

The minor argues, however, that reciprocal discovery is inappropriate in a delinquency proceeding, and urges us to reject the order issued in this case

---

uncorroborated accomplice testimony is insufficient to uphold a criminal conviction—is not applicable in delinquency proceedings since "when due process and other constitutional demands have been satisfied, reasonable differences in criminal and juvenile evidentiary procedures are constitutionally permissible." (*Id.* at p. 953.)

[8]Prior cases made no reference to the state privilege as distinct from the Fifth Amendment privilege. The privilege does not by its terms apply in juvenile proceedings, specifying instead that "[p]ersons may not . . . be compelled in a *criminal cause* to be a witness against themselves. . . ." (Cal. Const., art. I, § 15, italics added.)

[9]Subsequently, *People* v. *Weaver* (1985) 39 Cal.3d 654 [217 Cal.Rptr. 245, 703 P.2d 1139], held that the exclusionary use immunity in criminal cases (*People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024]) also survived Proposition 8.

and to prohibit such discovery in future cases. He points out that despite the 1984 reenactment of Welfare and Institutions Code section 202, which placed an increased emphasis on punishment[10] courts have consistently held that the overall rehabilitative aspect of that law remained unaltered. (*In re Charles C.* (1991) 232 Cal.App.3d 952, 960 [284 Cal.Rptr. 4]). As the court in *In re Charles C.*, explained, "[i]n fact, the new language only reinforces the different purposes underlying the juvenile and adult procedures: . . . The state's punishment of minors is a 'rehabilitative tool' (*In re Lorenza M.* (1989) 212 Cal.App.3d 49, 57 [260 Cal.Rptr. 258]), distinguishable from the criminal justice system for adults which has a purely punitive purpose separate from its rehabilitative goals. (*In re Samuel V.* (1990) 225 Cal.App.3d 511, 517 [277 Cal.Rptr. 14].)" (*Ibid.*)

But these aspects of juvenile delinquency proceedings, in our view, reinforce the appropriateness of respondent's discovery order. The "need for expeditious and informal adjudications in juvenile court" (*Joe Z., supra,* 3 Cal.3d at p. 801) may often be facilitated by an order paralleling the provisions of Penal Code section 1054 et seq. which have as their purpose the ascertainment of truth, savings in court time, and the avoidance of interruption and postponement. (Pen. Code, § 1054.)[11]

Relying on *Wardius* v. *Oregon, supra,* 412 U.S. 470, the minor objects that a rule allowing discretionary discovery orders violates the federal due process clause because there is no assurance that the prosecutor will be required to provide disclosures when the minor is required to do so. As the People correctly observe, however, the United States Supreme Court has never required discovery practices to be enshrined in statute. What is required, and we so hold, is that no minor may be required to provide discovery to the prosecutor absent reciprocal disclosures.

The minor next contends that compelled prehearing disclosure of his witnesses and their statements violates the self-incrimination clause of the Fifth Amendment of the United States Constitution, as well as his Sixth Amendment right to counsel and the work product rule. We also reject these

---

[10]The section provides in relevant part: ". . . Minors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interest of public safety and protection, receive care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, and which is appropriate for their circumstances. This guidance may include punishment that is consistent with the rehabilitative objectives of this chapter. . . ."

[11]The People ask us to go further and hold that the failure of a juvenile court to order discovery from the minor to the prosecutor when requested must invariably be deemed an abuse of discretion. We decline to do so. The issue is not before us, respondent having ordered reciprocal discovery.

claims. Respondent's order tracks the discovery provisions of Penal Code section 1054 et seq. *Izazaga* v. *Superior Court, supra,* 54 Cal.3d 356, analyzed identical challenges to those provisions and held them not violative of the federal self-incrimination clause. (*Id.,* at pp. 365-369.) The minor's Sixth Amendment and work product rule challenges to compelled disclosure were likewise rejected by *Izazaga* (*id.* at pp. 379-382), and we find that case controlling.

Last, the minor urges that the challenged order conflicts with California Rules of Court, rule 1420 (hereafter rule 1420) which sets forth the procedure for discovery in juvenile court proceedings and makes no provision for reciprocal discovery. It is the minor's view that the rule therefore prohibits the reciprocity required by respondent.

His reliance on the rule is misplaced. Rule 1420 is one of the Juvenile Court Rules promulgated by the Judicial Council, whose authority is limited by our California Constitution. The council may only "adopt rules for court administration, practice and procedure, not inconsistent with statute, and perform other functions prescribed by statute." (Cal. Const., art. VI, § 6; *People* v. *Wright* (1982) 30 Cal.3d 705, 712 [180 Cal.Rptr. 196, 639 P.2d 267].) In Welfare and Institutions Code section 265 the Legislature delegated limited rulemaking power to the council by requiring it to "establish rules governing practice and procedure in the juvenile court not inconsistent with law." Rule 1420 on its face does not prohibit the reciprocal discovery order which we uphold today. As we have seen, a juvenile court in a delinquency proceeding possesses the discretion to permit reciprocal discovery (*Joe Z., supra,* 3 Cal.3d 797, 801), and we perceive no conflict between rule 1420 and the exercise of that discretion in this case.

## CONCLUSION

The alternative writ is discharged and the petition filed herein is denied. The stay order previously imposed by this court shall remain in effect until issuance of the remittitur.

Strankman, P. J., and Stein, J., concurred.

A petition for a rehearing was denied October 28, 1992.