[Civ. No. 53227. First Dist., Div. Four. Nov. 18, 1981.]

SHEILA O., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Respondents;
THE PEOPLE, Real Party in Interest.

COUNSEL

Mark Rosenbush for Petitioner.

No appearance for Respondents.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Herbert F. Wilkinson, Dane R. Gillette and John B. Moy, Deputy Attorneys General, for Real Party in Interest.

OPINION

**CHRISTIAN, J.**—Petitioner Sheila O. seeks a writ to compel respondent juvenile court to permit her to testify at a hearing to determine fitness for treatment as a juvenile without risking use of the testimony in a later determination of guilt.

A petition has been filed in the juvenile court alleging that petitioner comes within the provisions of Welfare and Institutions Code section 602 because she committed robbery (Pen. Code, § 211) and assault with a deadly weapon (Pen. Code, § 245, subd. (a)). The district attorney sought certification that petitioner, who was 16 at the time of the alleged offenses, was unfit for juvenile proceedings. The juvenile court held a hearing for the purpose of determining fitness pursuant to Welfare and Institutions Code section 707, subdivision (b).

At that hearing, the district attorney submitted the probation report, which recommended trial in the adult criminal court. The probation report relates that the victim, a 50-year-old woman, was attacked while walking home after getting off a bus. A male and two females approached her. She was struck on the head and knocked to the ground. Her purse was taken and she was shot twice as she lay on the ground. She identified petitioner as the person who shot her. The defense also called no witnesses for, as the defense put it, "Fifth Amendment reasons." In argument, defense counsel stated that the minor would not testify for fear that her testimony could be used against her in a later trial.

The court found that petitioner was not fit to be dealt with under the Juvenile Court Law. Petitioner was then arraigned in municipal court but this court stayed further proceedings pending disposition of the writ petition. We have concluded that a writ should be issued.

I

A minor 16 years or older charged with specified serious crimes is presumed to be unfit to be dealt with under Juvenile Court Law unless the juvenile court concludes that the minor would be amenable to the care, treatment and training program available through the facilities of the juvenile court. To find the minor fit, the juvenile court is required to make findings that the minor is fit and proper under each of five criteria. (Welf. & Inst. Code, § 707; see *People* v. *Superior Court*

(*Steven S.*) (1981) 119 Cal.App.3d 162 [173 Cal.Rptr. 788] [hg. den. July 8, 1981].)

The five criteria are as follows:

"(1) The degree of criminal sophistication exhibited by the minor.

"(2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(3) The minor's previous delinquent history.

"(4) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(5) The circumstances and gravity of the offenses alleged to have been committed by the minor." (Welf. & Inst. Code, § 707, subd. (c).)

The testimony of the juvenile may be relevant in the application of any of these criteria. As to the juvenile's criminal sophistication, his chances of rehabilitation, his past delinquent history and the success of previous attempts to rehabilitate him, the juvenile may be able to rebut the implications of a bare record by cross-examination of the probation officer and testimony of his own witnesses. Significant evidence may well exist only in the knowledge of the juvenile. As to the circumstances and gravity of the offenses alleged, the juvenile may be the only witness who can present any mitigating circumstances for the court to consider. Yet such testimony risks giving the prosecutor the advantage of an admission which could be used against the juvenile at the trial on the issue of guilt.

Petitioner likens the situation to *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024], where the Supreme Court fashioned an evidentiary rule to solve the dilemma of a defendant wishing to testify at a probation revocation hearing without compromising his privilege against self-incrimination in a later trial.

In *Coleman*, the defendant contended that a hearing on revocation of probation in advance of trial on criminal charges denied him procedural due process by forcing him to forego his opportunity to testify on his own behalf at the revocation hearing in order to avoid incriminating himself at the pending criminal trial. The Supreme Court found it un-

necessary to adjudicate the constitutional claim because it concluded that the choice facing probationers could be eliminated by a judicially declared rule of evidence that upon timely objection the testimony of a probationer at a probation revocation hearing and any evidence derived from such testimony is inadmissible against the probationer during subsequent proceedings on the related criminal charges. An exception was made for impeachment purposes "where the probationer's revocation hearing testimony or evidence derived therefrom and his testimony on direct examination at the criminal proceeding are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing." (13 Cal.3d at p. 889.)

The Supreme Court reasoned that "[a] fundamental requisite of due process is the meaningful opportunity to be heard and to explain one's actions." A probationer has a due process right to explain any mitigating circumstances and to argue that the ends of justice do not warrant revocation; his testimony is likely to be useful to the court, adding to the factual picture presented by the state "through the probationer's explanation of his actions and account of the circumstances surrounding an alleged probation violation. But such mitigating evidence is just what is most likely to be withheld from the court by virtue of the probationer's fear of self-incrimination, since mitigating evidence often involves damaging factual admissions coupled with more or less compelling moral excuses." (13 Cal.3d at p. 874.)

The Supreme Court has spoken similarly in areas of juvenile law closely related to the present case, holding in *Bryan v. Superior Court* (1972) 7 Cal.3d 575, 586-589 [102 Cal.Rptr. 831, 498 P.2d 1079], that a minor's admissions in a juvenile jurisdictional hearing are not admissible against him at a later criminal trial and holding in *In re Wayne H.* (1979) 24 Cal.3d 595, 602 [156 Cal.Rptr. 344, 596 P.2d 1], that a minor's statements to a probation officer are not admissible as substantive evidence, or for impeachment, in any subsequent proceeding to determine criminal guilt, whether juvenile or adult.

Similarly, candid testimony by the juvenile at the fitness hearing should be encouraged to aid in the determination of where best to try the minor; fairness to the minor requires that this testimony not be given at the expense of the privilege against self-incrimination. Accordingly, on the authority of *Coleman, Bryan* and *In re Wayne H.*, we

declare a rule of evidence that testimony given by the juvenile at the fitness hearing is inadmissible at the jurisdictional hearing except for the purpose of impeachment.

## II

■ Petitioner also contends that the presumption of unfitness is unconstitutional. Petitioner points to the statement in *Leary* v. *United States* (1969) 395 U.S. 6, 36 [23 L.Ed.2d 57, 81, 89 S.Ct. 1532], that "a criminal statutory presumption must be regarded as 'irrational' and 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." Petitioner then contends that the presumed fact of unfitness cannot reasonably be said with substantial assurance to flow from the proved fact of age and the charge of a serious crime. But the tangible effect of the new language in section 707 was to lower the age of adult criminal responsibility for specified crimes unless the minor could show reasons why he should be treated as a juvenile. That change in the Juvenile Court Law was well within the power of the Legislature. (*People* v. *Superior Court* (*Steven S.*), *supra*, 119 Cal.App.3d 162, 177.)

■ A writ will issue commanding respondent municipal court to terminate criminal proceedings against petitioner and commanding respondent juvenile court to reinstate juvenile proceedings and conduct a new fitness hearing at which petitioner shall be permitted to testify. Her testimony may be used in any later criminal proceeding only for the purpose of impeachment.

Caldecott, P. J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.