[Civ. No. 53326. First Dist., Div. Three. Jan. 5, 1982.]

DAVID P., a Minor, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

418

**COUNSEL**

Sharon A. Meadows and Cheyenne E. Bell for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Ronald D. Smetana, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**WHITE, P. J.**—This petition, by a juvenile, challenges a determination that he is not a fit and proper subject to be dealt with under the Juve-

nile Court Law. He raises three claims which focus upon operation of recent amendments to Welfare and Institutions Code section 707. We accept his contention that the presumption of unfitness contained in subdivision (c) of section 707 does not apply to an allegation of attempted robbery. Thus, we grant the writ without reaching petitioner's other claims.

Welfare and Institutions Code section 707, subdivision (a) provides that when a minor is alleged to be a person described in section 602 of the Welfare and Institutions Code because of a crime committed when 16 years old or older the court may evaluate certain criteria and determine that he or she is not a fit and proper subject for treatment under Juvenile Court Law. Under subdivisions (b) and (c) of section 707 (unless otherwise indicated all citations are to Welfare and Institutions Code), if the minor "is alleged to be a person described in Section 602 by reason of the violation" of 16 specified crimes, the minor "shall be presumed to be not a fit and proper subject to be dealt with under the juvenile court law" unless the court finds otherwise upon evaluation of the five specified criteria.*

---

*Full text of Welfare and Institutions Code section 707: "(a) In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any criminal statute or ordinance except those listed in subdivision (b), upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for a determination of unfitness. Following submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit, the juvenile court may find that the minor is not a fit and proper subject to be dealt with under the juvenile court law if it concludes that the minor would not be amenable to the care, treatment, and training program available through the facilities of the juvenile court, based upon an evaluation of the following criteria:

"(1) The degree of criminal sophistication exhibited by the minor.

"(2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(3) The minor's previous delinquent history.

"(4) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(5) The circumstances and gravity of the offense alleged to have been committed by the minor.

"A determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of unfitness. In any case in which a hearing has been noticed pursuant to this section, the court shall postpone the taking of a plea to the petition until the conclusion of the fitness hearing, and no plea which may already have been entered shall constitute evidence at such hearing.

"(b) The provisions of subdivision (c) shall be applicable in any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when

The "602 petition" filed against petitioner alleges attempted robbery in violation of Penal Code sections 664 and 211, use of firearm in the commission of that offense, burglary in violation of Penal Code section 459, and possession of a sawed-off shotgun in violation of Penal Code section 12020. On July 7, 1981, following the filing of the "602 peti-

---

he or she was 16 years of age or older, of one of the following offenses:

"(1) Murder;

"(2) Arson of an inhabited building;

"(3) Robbery while armed with a dangerous or deadly weapon;

"(4) Rape with force or violence or threat of great bodily harm;

"(5) Sodomy by force, violence, duress, menace, or threat of great bodily harm;

"(6) Lewd or lascivious act as provided in subdivision (b) of Section 288 of the Penal Code;

"(7) Oral copulation by force, violence, duress, menace, or threat of great bodily harm;

"(8) Any offense specified in Section 289 of the Penal Code;

"(9) Kidnapping for ransom;

"(10) Kidnapping for purpose of robbery;

"(11) Kidnapping with bodily harm;

"(12) Assault with intent to murder or attempted murder;

"(13) Assault with a firearm or destructive device;

"(14) Assault by any means of force likely to produce great bodily injury;

"(15) Discharge of a firearm into an inhabited or occupied building;

"(16) Any offense described in Section 1203.09 of the Penal Code.

"(c) With regard to a minor alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any of the offenses listed in subdivision (b), upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for a determination of unfitness. Following submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit the minor shall be presumed to be not a fit and proper subject to be dealt with under the juvenile court law unless the juvenile court concludes, based upon evidence, which evidence may be of extenuating or mitigating circumstances, that the minor would be amenable to the care, treatment, and training program available through the facilities of the juvenile court based upon an evaluation of each of the following criteria:

"(1) The degree of criminal sophistication exhibited by the minor.

"(2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(3) The minor's previous delinquent history.

"(4) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(5) The circumstances and gravity of the offenses alleged to have been committed by the minor.

"A determination that the minor is a fit and proper subject to be dealt with under the juvenile court law shall be based on a finding of amenability after consideration of the criteria set forth above, and findings therefor recited in the order as to each of the above criteria that the minor is fit and proper under each and every one of the above criteria. In making a finding of fitness, the court may consider extenuating or mitigating circumstances in evaluating each of the above criteria. In any case in which a hearing has been noticed pursuant to this section, the court shall postpone the taking of a plea to the petition until the conclusion of the fitness hearing and no plea which may already have been entered shall constitute evidence at such hearing."

tion" the district attorney noticed a motion for a hearing, pursuant to section 707, subdivision (b), to obtain a ruling that petitioner was not fit for treatment under Juvenile Court Law. At the hearing petitioner objected that none of the 16 specified offenses listed in section 707, subdivision (b), had been charged, and challenged the court's jurisdiction to proceed under that subdivision. The court rejected the jurisdictional challenge, and after hearing entered an order finding petitioner unfit. This petition followed.

■ Petitioner challenges section 707, subdivisions (b) and (c) as creating an arbitrary presumption and as placing upon petitioner the difficult decision whether to risk self-incrimination by testifying concerning his fitness for juvenile court treatment. We do not reach these issues (which have been recently decided by Division Four of this district in *Sheila O. v. Superior Court* (1981) 125 Cal.App.3d 812 [178 Cal.Rptr. 418]), because we find section 707, subdivisions (b) and (c) inapplicable.

The presumption of unfitness created by section 707, subdivision (c), and applied by the trial court applies only where the minor is "alleged to be a person described in Section 602 by reason of the violation, . . ." of one of the 16 specified offenses. Although robbery while armed with a dangerous or deadly weapon is one of the listed crimes (§ 707, subd. (b)(3)), the list does not mention attempted robbery or attempt to commit any other crime. We reject the Attorney General's suggestion that "robbery while armed with a dangerous or deadly weapon" includes "attempted robbery." Had the Legislature intended the presumption to apply to less serious attempt crimes, it certainly would have done so explicitly.

In argument below, the district attorney suggested that while no robbery was consummated the facts showed that an assault with a firearm did take place. Both assault with a firearm and assault by means of force likely to produce great bodily injury are crimes listed in subdivision (b) of section 707. (Welf. & Inst. Code, § 707, subds. (b)(13) and (14).) The Attorney General notes that petitioner has been charged in municipal court with assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and argues that it would exalt form over substance to invalidate the trial court's action when an amended 602 petition could charge one of the listed crimes.

We cannot look to what the prosecution *might have done or might do*. The fact is that the 602 petition did not allege violation of a listed crime, yet the district attorney brought his motion under section 707, subdivision (b), rather than subdivision (a), and the court accepted his argument that the presumption of unfitness applied. The trial court's error was prejudicial to petitioner, in that it caused the burden of persuasion to shift from the prosecution to petitioner. Thus, we must vacate the court's determination of unfitness.

We have reached our conclusion after full briefing by the parties. No purpose would be served by issuance of an alternative writ, which would only delay further proceedings. A peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue restraining the San Francisco Municipal Court from any further proceedings on the complaint against petitioner and directing the San Francisco County Superior Court to vacate its order finding petitioner unfit for treatment under Juvenile Court Law and to reconsider its ruling. Unless the petition is first amended to allege violation of one of the crimes specified in subdivision (b) of Welfare and Institutions Code section 707, such reconsideration shall take place pursuant to Welfare and Institutions Code section 707, subdivision (a). The stay previously issued in this proceeding is dissolved.

Feinberg, J., and Barry-Deal, J., concurred.