[No. B077566. Second Dist., Div. Four. Dec. 22, 1993.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ZAHARIAS M., a Minor, Real Party in Interest.

## COUNSEL

Gil Garcetti, District Attorney, George M. Palmer and Diana L. Summerhayes, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Ira B. Madison II for Real Party in Interest.

**OPINION**

## VOGEL (C. S.), J.—

### INTRODUCTION

The issue in this mandate proceeding is whether the trial court erred in finding that Zaharias M., a 16-year-old accused of committing, along with 3 companions, a bank robbery while using a gun, was fit to be dealt with under the juvenile court law. Our analysis of case precedent and the governing statutory scheme compels the conclusion that the trial court's decision was erroneous as a matter of law. We therefore issue a writ of mandate to compel the trial court to vacate its order and to enter an order finding Zaharias M. unfit for juvenile court proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

A petition was filed in the juvenile court alleging that 16-year-old Zaharias M. came within the provisions of Welfare and Institutions Code section 602[1] because he had committed a robbery (Pen. Code, § 211) and had used a deadly weapon, a handgun, during commission of the offense (Pen. Code, § 12022, subd. (b)). The nature of the offense (§ 707, subd. (b)(3)) triggered the statutory presumption that Zaharias M. was "not a fit and proper subject to be dealt with under the juvenile court law" (§ 707, subd. (c)). Accordingly, the People moved the trial court to make the requisite finding of unfitness.

At the fitness hearing, the People introduced the police reports about the robbery which recited the following facts. On April 22, 1993, Zaharias M. and three fellow gang members planned to rob a bank. Zaharias M. obtained a .38-caliber handgun from an adult. The four also gathered together masks, gloves, and a pillowcase. After they drove to the bank, one waited in the car. The other three, including Zaharias M., entered the bank. Each was wearing a mask. Zaharias M. held the gun and announced: " 'Get down, I'll blow your fuckin' head off.' " Some bank patrons complied; others ran from the building screaming. Zaharias M.'s two accomplices jumped over the teller counter and placed money in the pillowcase. The three then ran from the premises as a bank security guard fired at them. They entered the car and a high-speed police chase followed during which the minors threw the stolen money, their masks, and the gun from the car. The police successfully stopped the car and arrested the four.

---

[1]All subsequent statutory references are to the Welfare and Institutions Code unless otherwise noted.

At the fitness hearing, the People also introduced a probation report which had been prepared for that proceeding. The report stated that Zaharias M.'s attendance and performance at school were poor and that he had admitted to the probation officer that he had been a gang member for approximately three months at the time of the robbery. The report recited that a petition had been sustained in November 1991 against him for battery and assault, resulting in home probation. The report recommended that Zaharias M. be found unfit to be dealt with under juvenile court law based on the following three criteria—circumstances and gravity of the offense, previous delinquent history, and criminal sophistication.

Zaharias M. did not present any evidence on the fitness motion. His attorney argued that he was a follower, led by others to commit the crime, and that this circumstance constituted a mitigating factor.

The juvenile court found that the commission of the bank robbery was sophisticated and the circumstances and gravity of the crime were serious.[2] Nonetheless, the court found that Zaharias M. could be rehabilitated and thus was amenable to the juvenile court law "notwithstanding the fact that he committed a heinous offense, and that it was sophisticated." When the prosecutor pointed out that the court was failing to make the required findings of amenability under each of the five criteria set forth in section 707, subdivision (c), the court conceded it was not following the statutory mandate and stated that instead it felt it had "to look at the totality" of the situation.[3]

The People then filed the instant petition. We stayed further juvenile court proceedings and issued an alternative writ to which Zaharias M. filed a return. Having heard argument in the cause, we now issue our opinion.

## DISCUSSION

We begin with a review of the controlling statutory and decisional law. Juvenile court jurisdiction attaches if an individual is "under the age of 18

[2]In regard to the latter criterion, the court stated: "It is a very serious offense. People could be killed, either at the point where the robbery is taking place or at some other point where the high speed chase is taking place."

[3]At one point, the court stated: "The question is, is this minor amenable upon the court saying he is amenable? Is he open to the suggestion? Can he be rehabilitated in the California Youth Authority? In the juvenile court? [¶] This court concludes—and I am basing this on my experience in the juvenile courts going back to 1977—that he can be. There is nothing about his record which indicates—and I am taking into consideration the extenuating mitigating circumstances, everything about this individual—that tells me he cannot be rehabilitated in California Youth Authority." Later on, the court summarized: "Looking at the totality of this young man's life, there's no reason for this court to believe that he cannot be rehabilitated. And that's the issue—amenability."

years when he violates any law of this state." (§ 602.) However, if the minor is 16 years or older and is charged with one of the serious crimes specified in section 707, subdivision (b), the People may move the court to find the minor is unfit to be dealt with under the juvenile court law. (§ 707, subd. (c).) In that situation, the presumption is that the minor is unfit. (§ 707, subd. (c).) It then becomes the minor's burden (*Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802, 805 [210 Cal.Rptr. 204, 693 P.2d 789]) to establish by a preponderance of the evidence (*People* v. *Superior Court (Steven S.)* (1981) 119 Cal.App.3d 162, 177 [173 Cal.Rptr. 788, 22 A.L.R.4th 1140]; rule 1483(a) of the Cal. Rules of Court) that he would "be amenable to the care, treatment, and training program available through the facilities of the juvenile court . . . ." (§ 707, subd. (c).)

The court's determination on amenability is to be "based upon an evaluation of each of the following criteria: [¶] (1) The degree of criminal sophistication exhibited by the minor. [¶] (2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction. [¶] (3) The minor's previous delinquent history. [¶] (4) Success of previous attempts by the juvenile court to rehabilitate the minor. [¶] (5) The circumstances and gravity of the offenses alleged to have been committed by the minor. [¶] A determination that the minor is a fit and proper subject to be dealt with under the juvenile court law shall be based on a finding of amenability after consideration of the criteria set forth above, and findings therefor recited in the order as to each of the above criteria that the minor is fit and proper under each and every one of the above criteria. In making a finding of fitness, the court may consider extenuating or mitigating circumstances in evaluating each of the above criteria." (§ 707, subd. (c).)

■ Therefore, in order for the juvenile court to find a juvenile such as Zaharias M. fit, it must recite in its order findings as to each and every one of the five criteria set forth in section 707, subdivision (c). (*Sheila O.* v. *Superior Court* (1981) 125 Cal.App.3d 812, 814-815 [178 Cal.Rptr. 418]; *People* v. *Superior Court (James B.)* (1981) 122 Cal.App.3d 263, 267 [175 Cal.Rptr. 733]; *People* v. *Superior Court (Steven S.)*, *supra*, 119 Cal.App.3d at pp. 174 and 187; and rule 1483(d)(2) of the Cal. Rules of Court.) Additionally, the court must state the reasons, supported by the evidence, for its findings. (*People* v. *Superior Court (Robert L.)* (1989) 213 Cal.App.3d 54, 61-63 [261 Cal.Rptr. 303].)

■ At bench, the trial court completely ignored these precedents and instead fashioned its own "gestalt" approach to ruling upon a fitness motion. Even though the court found Zaharias M. was unfit under the criteria of degree of sophistication exhibited in his commission of the crime and the

gravity of the offense, the court nonetheless found him fit based upon its finding that he would be amenable to the rehabilitative efforts of the juvenile court system. Although the People pointed out that the court was statutorily required to state an evidentiary basis for its ruling under each of the five criteria set forth in section 707, subdivision (c), the court failed to do so. The ruling was an abuse of discretion.

In order to avoid the force of this conclusion, Zaharias M. advances two arguments. First, he argues that reversal of the juvenile court's ruling would be tantamount to imposing a requirement that a minor must prove his innocence in order to rebut the presumption of unfitness found in section 707, subdivision (b) and that such a requirement would violate due process and equal protection. This argument demonstrates a fundamental misunderstanding of the nature of a fitness hearing. A fitness hearing does *not* involve an adjudication of guilt but instead a determination of whether the best interests of the minor and society would be served by retention of juvenile court authority (*Edsel P.* v. *Superior Court* (1985) 165 Cal.App.3d 763, 776 [211 Cal.Rptr. 869], quoting *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 718-719 [135 Cal.Rptr. 392, 557 P.2d 976].) In fact, when a minor would be presumed to be unfit because he committed one of the offenses set forth in section 707, subdivision (b), the minor can first require the People to prove that his acts constitute the offense alleged (*Edsel P.* v. *Superior Court, supra*, 165 Cal.App.3d at pp. 781-783) before he is required to show, through evidence "of extenuating or mitigating circumstances, that [he] would be amenable to the care, treatment, and training program available through the facilities of the juvenile court" (§ 707, subd. (c)) based upon evaluation of each of five specified criteria. As two of the five criteria—the criminal sophistication exhibited by the minor and the circumstances and gravity of the offense—are based upon the premise that the minor did, in fact, commit the offense, it is patent that at no point in a fitness hearing is the minor required to establish innocence in order to show amenability to the juvenile court system. Instead, the minor may make the showing of extenuating or mitigating circumstances through information contained in the police reports and the probation report prepared for the fitness hearing. The minor can use that information to argue that his participation was not as grave or serious as the charge would initially lead a court to conclude. In sum, no constitutional infirmity exists in the procedure. (See also *Sheila O.* v. *Superior Court, supra*, 125 Cal.App.3d at p. 817 [presumption in § 707, subd. (b) is constitutional because it can be said with substantial assurance that the presumed fact of unfitness flows from the proved fact that the minor, who is at least 16 years old, committed a serious crime].)

Zaharias M.'s second argument is that unless a trial court is permitted to make an overall finding of amenability, the presumption of unfitness found

in section 707, subdivision (b) effectively means that a minor charged with one of the enumerated crimes can never be found to be amenable to juvenile court treatment. This analysis is erroneous. In *Edsel P.* v. *Superior Court, supra,* 165 Cal.App.3d 763, the minor was alleged to have committed two counts of attempted murder and one count of assault upon a police officer with a firearm. The People urged that since these offenses were among those listed in subdivision (b) of section 707, the minor would *never* be able to establish that he was fit under the fifth criterion—"the circumstances and gravity of the offenses alleged to have been committed by the minor." (§ 707, subd. (c).) The Court of Appeal rejected this position. It held: "If we were to accept this reasoning . . . all fitness hearings involving a minor charged with any of the offenses enumerated in subdivision (b) would reach a foregone conclusion and thereby be deprived of purpose. Such a result is impossible to reconcile with the language of section 707, subdivision (c), which clearly does not create a *mandatory* or *irrebutable* presumption. [Citation.]" (165 Cal.App.3d at p. 777, italics in original.) Thus, it is clear that even if the minor is charged with one of the offenses enumerated in section 707, subdivision (b), the minor is still permitted to establish that he is fit. In that situation, in order to sustain a finding of fitness, the trial court must find that the minor is amenable to treatment " 'under each and every one' *(not* 'any one') of the five criteria set forth" in section 707, subdivision (c). (165 Cal.App.3d at p. 774, italics in original.) That, however, is not what the trial court did in the proceeding presently under review. The trial court dispensed with the statutorily mandated procedure of making findings as to each of the five criteria and substituted in its place an overall finding about Zaharias M.'s amenability to the juvenile court system. This decision was an act in excess of jurisdiction.

"The findings required by section 707 are a mandatory precondition to a determination of amenability. To dispel the statutory presumption of unfitness impressed upon the minor by section 707, the trial court can proceed in but one way: a finding of amenability must be based on evidence and supported by findings 'recited in the order' addressed 'to each and every one of the [five enumerated] criteria' set forth in section 707. Absent substantial compliance with the statute, the presumption of unfitness subsists and a finding of amenability contrary thereto is unauthorized by law, invalid and therefore in excess of the trial court's jurisdiction. [Citation.]" (*People* v. *Superior Court (James B.), supra,* 122 Cal.App.3d at p. 267.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order of July 27, 1993, finding Zaharias M. a fit and proper subject

to be dealt with under the juvenile court law and to enter a new and different order granting the People's motion finding him unfit to be dealt with under the juvenile court law. The temporary stay issued by this court on August 10, 1993, restraining respondent court from commencing an adjudication hearing for Zaharias M. will remain in effect until the clerk of this court issues the remittitur, at which time the stay shall be dissolved.

Epstein, Acting P. J., and Hastings, J., concurred.