[No. D020233. Fourth Dist., Div. One. Feb. 23, 1994.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RODRIGO O., a Minor, Real Party in Interest.

## COUNSEL

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Karen I. Doty, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Loren I. Mandel, Alternate Public Defender, Jacqueline C. Crowle and Kevin Milmoe, Alternate Deputy Public Defenders, for Real Party in Interest.

## OPINION

HUFFMAN, J.—The People petition for a writ of mandate after the court found 17-year-old Rodrigo O. to be a fit subject to be dealt with under juvenile court law. The People contend the court erroneously based its finding on irrelevant alibi evidence and that Rodrigo failed to rebut the presumption of unfitness under Welfare and Institutions Code[1] section 707, subdivision (c).[2] We agree and grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

*The Petition*

The People filed a petition[3] in juvenile court alleging Rodrigo assaulted another with a firearm (Pen. Code, §§ 245, subd. (a)(2), 12022.5 [count I]), maliciously discharged a firearm at an occupied motor vehicle (Pen. Code, § 246 [count II]), willfully discharged a firearm in a grossly negligent manner (Pen. Code, § 246.3 [count III]), and exhibited a firearm in a rude, angry and threatening manner (Pen. Code, § 417, subd. (a) [count IV]).

The People also alleged Rodrigo was not a fit and proper subject to be dealt with under the juvenile court law, based upon Rodrigo's age, the nature of the crimes he allegedly committed (§ 707, subd. (b)(13), (b)(15) and

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]The five criteria specified in section 707, subdivision (c), which the court must evaluate for amenability for treatment under juvenile court law are:

"(1) The degree of criminal sophistication exhibited by the minor.

"(2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(3) The minor's previous delinquent history.

"(4) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(5) The circumstances and gravity of the offenses alleged to have been committed by the minor."

The criteria listed under California Rules of Court, rule 1483(c), mirror section 707, subdivision (c).

[3]The initial petition was filed on September 7, 1993, and amended on October 22, 1993, to include the above charges.

(b)(17)), his criminal sophistication (§ 707, subd. (a)(1)), the inability to rehabilitate him prior to the expiration of juvenile court jurisdiction (§ 707, subd. (a)(2)), his previous delinquent history (§ 707, subd. (a)(3)), previous unsuccessful attempts at rehabilitation (§ 707, subd. (a)(4)), and the circumstances and gravity of the offenses alleged (§ 707, subd. (a)(5)).

## The Facts of the Offense

On November 1, 1993, the court conducted an *Edsel P.*[4] hearing and concluded reasonable cause existed to detain Rodrigo. The facts of the crime, as summarized from the police report, are: On August 7, 1993, shooting began at a party on Elm Street. Three girls asked Efrain Mercado and Rodrigo for a ride home. Mercado, Rodrigo and one girl got in the front seat of a Toyota, with Mercado driving and Rodrigo next to the passenger door. The other girls got in the back. At the intersection of Saturn Boulevard and Coronado Avenue, a Camaro pulled alongside the Toyota and the occupants exchanged hand signals and words. Rodrigo began shooting at the Camaro and the Camaro chased the Toyota. More shots were exchanged and eventually the Toyota crashed into another car. A bullet shattered the glass door on a nearby home. One girl was shot through the hand. Rodrigo and Mercado ran away.

## Fitness Evidence

At the fitness portion of the hearing on November 1, Probation Officer Wendy Ratner reported Rodrigo admitted he has been a member of the Imperial gang for three years. He has gang tattoos and his moniker is "Rascal." Rodrigo is on home study through the Chula Vista Summit School and is "almost in 11th grade." He has used alcohol and marijuana since he was 13.

Ratner evaluated Rodrigo under the five fitness criteria of section 707, subdivision (a), and concluded Rodrigo was unfit under each criterion. Ratner pointed to Rodrigo's gang affiliation and escalating crimes as showing his criminal sophistication and commitment to a criminal lifestyle. His knowledge, willingness and ability to use a firearm around innocent bystanders showed increased disregard for society.

Ratner detailed Rodrigo's various traffic and property offenses beginning at age 14, and an assault which lead to commitment to a juvenile ranch facility. She reported he has been arrested seven times since March 1990. Rodrigo also left court-ordered placement without permission, failed to

---

[4]*Edsel P.* v. *Superior Court* (1985) 165 Cal.App.3d 763 [211 Cal.Rptr. 869].

appear for hearings, violated curfew and was found in possession of alcohol. Ratner concluded Rodrigo's previous delinquent history was "substantial."

Although Rodrigo showed "moderate compliance" with court orders and probation directives, Ratner noted Rodrigo continued to reoffend and would turn 18 within days. Ratner did not believe he could be rehabilitated before age 25 because his "delinquency continues to dominate." Rodrigo's continued criminality after participating in counseling, education and probation programs caused Ratner to conclude the juvenile court had not been successful in previous attempts to rehabilitate him.

In evaluating the circumstances and gravity of the crime Rodrigo is alleged to have committed, Ratner noted the crime was against another person, inflicted physical and emotional harm to the victims and resulted in property damage. Also Rodrigo was on probation at the time of the offense. He armed himself with a concealed weapon, endangered unsuspecting bystanders in an unprovoked attack and "played the main role" in a life-threatening event. Ratner viewed the circumstances of the crime as "significant" and concluded he was not a fit subject for the juvenile court.

*The Minor's Evidence*

Over the People's objection, Rodrigo presented evidence he was not in the area at the time of the shooting. His uncle, Angel Acosta, Jr., testified he drove to Rodrigo's house that day to pick up his daughter, Cynthia, and drive her home to Coachella. Acosta and Cynthia both testified they left San Diego around 5:30 or 6 p.m. with Rodrigo and arrived in Coachella at approximately 9 or 9:30 p.m. Raul Salas testified he was a bouncer at the party on August 7 and had known Rodrigo for six years. Approximately 60 people attended the party, but Salas did not see Rodrigo there.

In mitigation, Rodrigo presented narrative statements from the girls and Mercado indicating the persons in the Camaro initiated the shooting and the attack was unprovoked. Rodrigo also provided evidence of positive family support, school performance and employment history.

*The Order*

The court found Rodrigo was fit to be dealt with by the juvenile court on all five criteria. The court commented "[a]bsent this offense, I think the presumption has been overcome. The circumstances and gravity of this offense as it relates to one and five give me the problem. . . . There's no question that this is a grave offense. The circumstances really surrounding it

are whether the minor was involved in it or not. . . . It's my opinion based on everything I've heard today that there is a substantial issue as to whether the minor was there on that evening. The witnesses that I saw face to face were straightforward and, in my opinion, believable. . . . I'm going to find based on the testimony and based primarily on a reasonable belief that the alibi defense is a viable defense, that the burden has been overcome. . . ."

The People filed this petition on December 27. We issued an order to show cause, stayed proceedings and heard argument.

## DISCUSSION

*Review*

■ Preliminarily, Rodrigo objects to the People's petition for a writ of mandate, arguing the People may seek review of an adverse fitness determination only where the court exceeded its jurisdiction, not where the error is at most an abuse of discretion. Rodrigo also argues the petition is untimely.

California Rules of Court,[5] rule 1483(h), provides: "An order that a child is or is not a fit and proper subject to be dealt with under the juvenile court law is not an appealable order. Appellate review of the order is by extraordinary writ. Any petition for review of a judge's order determining the child unfit, or denying an application for rehearing of the referee's determination of unfitness, shall be filed no later than 20 days after the child's first arraignment on an accusatory pleading based on the allegations that led to the unfitness determination." Rule 1483 specifically authorizes review by petition for writ of mandate where the minor is found a fit subject. Moreover courts have entertained petitions by the People after a finding of fitness, both before and after the adoption of rule 1483(h)[6], whether couched in terms of "abuse of discretion" or "excess of jurisdiction." (See *People* v. *Superior Court (Steven S.)* (1981) 119 Cal.App.3d 162 [173 Cal.Rptr. 788, 22 A.L.R.4th 1140] [abuse of discretion]; *People* v. *Superior Court (James B.)* (1981) 122 Cal.App.3d 263 [175 Cal.Rptr. 733] [excess of jurisdiction]; *People* v. *Superior Court (Zaharias M.)* (1993) 21 Cal.App.4th 302 [25 Cal.Rptr.2d 838] [abuse of discretion].)

Although a minor found unfit for juvenile court jurisdiction must seek review within 20 days after being arraigned in superior court, the People are not given a specific time limit for review. Because the People petitioned here prior to the commencement of the section 602 hearing and attachment of

---

[5]All rule references are to the California Rules of Court.
[6]Rule 1483 was adopted effective January 1, 1991.

jeopardy, we conclude the petition is timely and proper. (See *People* v. *Superior Court (Steven S.)*, *supra*, 119 Cal.App.3d at p. 167.)

*Fitness*

Juvenile court jurisdiction attaches when a person "is under the age of 18 years when he violates any law of this state . . . ." (§ 602.) However if the minor is 16 years of age or older and is charged with one of the serious crimes specified in section 707, subdivision (b), the People may move the court to find the minor is unfit to be dealt with under juvenile court law. (§ 707, subd. (c).) If the People so move, the minor is presumed to be unfit for juvenile court treatment and must shoulder the burden of proving, by a preponderance of the evidence, that he or she is a fit and proper subject under each and every criteria of section 707, subdivision (c). (*Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802, 805 [210 Cal.Rptr. 204, 693 P.2d 789]; rule 1483(a).)

In determining fitness, the court must consider the probation report on "the behavioral patterns and social history of the minor . . . ." The court may also consider "any other relevant evidence which the [People] or the minor may wish to submit . . . ." "[T]he court may consider extenuating or mitigating circumstances in evaluating each of the [five] criteria." (§ 707, subd. (c).)

Here, Rodrigo allegedly committed three offenses to bring him within the presumption of unfitness. The court considered the alibi evidence as relevant to criteria (1) and (5), the degree of Rodrigo's criminal sophistication and the circumstance and gravity of the offenses as alleged. However the affirmative defense of alibi is not relevant at a fitness hearing because the court has already found, through the *Edsel P.* procedure, that the People have shown a prima facie case of the minor's guilt. (*Edsel P.* v. *Superior Court*, *supra*, 165 Cal.App.3d at p. 780; rule 1483(b)[7].)

"Whether the youth committed the act alleged in the petition is not the issue in [a section 707 hearing]; the sole question is whether he would be amenable to treatment in the event that he is ultimately adjudged a ward of the court." (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 716 [135 Cal.Rptr. 392, 557 P.2d 976].) The evidence is limited by the basic tests of relevancy and materiality to the issue presented. (*Id.* at p. 718.)

Thus the criteria the court must use to determine fitness are based upon the premise that the minor did in fact commit the offense. (See *People* v.

---

[7]Rule 1483(b) provides: "On the child's motion, the court shall determine whether a prima facie showing has been made that the offense alleged is specified in section 707(b)."

*Superior Court (Zaharias M.)*, *supra*, 21 Cal.App.4th at p. 307.) The task of the minor is to show his or her participation was not as grave or serious as the charge would initially lead a court to conclude. (*Ibid.*) Rodrigo's evidence he was elsewhere at the time of the crimes was not relevant to the court's determination of his fitness to be a subject of juvenile court treatment.

Rodrigo argues even if the alibi evidence is rejected, he demonstrated the crime was unplanned and the result of provocation by others, sufficient to overcome the presumption of unfitness. The court found the offense was unquestionably grave. We interpret the court's comments on the significance of the alibi evidence to imply absent that defense, Rodrigo had not presented sufficient evidence to diminish his role in the crime or to show he was not criminally sophisticated. Because insufficient evidence supports the court's findings as to each and every criterion, Rodrigo is unfit to be dealt with under juvenile court law.

### DISPOSITION

Let a writ issue directing the juvenile court to vacate its order finding Rodrigo fit to be dealt with under juvenile court law and enter a new order finding him unfit. The stay issued on January 3, 1994, is vacated upon issuance of the remittitur.

Work, Acting P. J., and Benke, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied May 19, 1994. Mosk, J., was of the opinion that the petition should be granted.