Filed 11/17/20  P. v. Williams CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS RON WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B301556<br>(Super. Ct. Nos. F240517 and<br>F240517002)<br>(San Luis Obispo County) |

Travis Ron Williams appeals a post-judgment order denying his Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) petition to vacate a 1997 first degree murder conviction and 26-year-to-life state prison sentence.  (Pen. Code, § 1170.95, subd. (c).)[1]  The trial court denied the petition without an evidentiary hearing even though the petition made a prima facie showing that appellant was eligible for relief.  Appellant argues, and the Attorney General agrees, the trial court erred.  We reverse and remand with directions to issue an order to show cause and hold

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

*Facts and Procedural History*

In 1997, appellant pled no contest to first degree murder (§ 187, subd. (a)), second degree burglary (§ 459) and arson (§ 451, subd. (d)), and admitted a principal-armed-with-a-firearm enhancement (§ 12022, subd. (a)(1)). The change of plea was entered after the preliminary hearing based on the understanding that appellant and his cohort, Tommy Traughber, committed a home-invasion burglary in which appellant and Traughber kicked in the victim's (a 75-year-old widow living alone) back door. The victim was shot in the back of the head at close range. Appellant was sentenced to 26 years to life state prison. At the sentencing hearing, the trial court stated: "The court does not find that you actually pulled the trigger; that you actually were the one who did the shooting." There is a dispute about who was the actual shooter. Appellant was 15 years old when the offense was committed and tried as an adult.

On January 8, 2019, appellant filed a petition for resentencing a week after SB 1437 became effective (Stats. 2018, ch. 1015). SB 1437 provided that defendants convicted of murder under the felony murder rule or natural and probable consequences doctrine may petition for resentencing based on statutory changes to Penal Code sections 188 and 189. (§ 1170.95, subd. (a).)

The superior court appointed counsel for appellant and denied the prosecution's motion to dismiss, finding that SB 1437 was constitutional. At the October 4, 2019 hearing, the trial court denied the petition, finding that the petition stated a prima facie claim for relief but the preliminary hearing and juvenile

2

fitness hearing transcripts showed that appellant was a major participant in the home invasion robbery and acted with reckless indifference to human life.  (§ 1170.95, subd. (c)(3).)

*Discussion*

Appellant argues, and the Attorney General agrees, that the trial court erred in not issuing an OSC and conducting a stage two evidentiary hearing, as required by section 1170.95, subdivision (d)(3).  At the stage two hearing, "[t]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (*Ibid.*; *People v. Cooper* (2020) 54 Cal.App.5th 106, 116-117 [describing § 1170.95 procedure].)

Where the petition makes a prima facie showing for relief, the trial court must issue an OSC and conduct an evidentiary hearing.  The burden of proof shifts to the prosecution.

The trial court short-circuited the procedure and relied only on the preliminary hearing and juvenile fitness hearing transcripts to find that appellant was ineligible for relief.[2]

There are a number of reasons for this, the first being that a preliminary hearing transcript may not be relied upon to show that appellant is ineligible for relief.  "By relying on the preliminary hearing transcript to determine the 'nature or basis' of defendant's prior conviction, the sentencing court engaged in an impermissible inquiry to determine "'what the defendant and

---

[2] In *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598, our Supreme Court will decide whether superior courts may consider the record of conviction in determining the stage one issue of whether defendant has made a prima facie showing of eligibility for relief under section 1170.95.

3

state judge must have understood as the factual basis of the prior plea.'" [Citation.]  Because the relevant facts were neither found by a jury nor admitted by defendant when entering her guilty plea, they could not serve as the basis for defendant's increased sentence here."  (*People v. Gallardo* (2017) 4 Cal.5th 120, 137.)  Nor can the trial court rely on the juvenile fitness hearing transcript (Welf. & Inst. Code, § 707) to find that appellant is ineligible for resentencing.  (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 716-717 [the sole question at a fitness hearing is whether the minor would be amenable to treatment if adjudged a ward of the court]; *People v. Superior Court* (*Zaharias M.*) (1993) 21 Cal.App.4th 302, 307 [same].)

*Disposition*

The order denying the section 1170.95 petition is reversed and the matter is remanded with directions to issue an OSC and proceed to an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

NOT TO BE PUBLISHED.

YEGAN J.

We concur:


GILBERT, P. J.


PERREN, J.

4

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen J. Inberg, David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.