Filed 11/17/20  P. v. Traughber CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TOMMY ANTHONY TRAUGHBER,<br><br>    Defendant and Appellant. | 2d Crim. No. B301557<br>(Super. Ct. Nos. F240517 and F240517001)<br>(San Luis Obispo County) |

Tommy Anthony Traughber appeals the denial of his petition to vacate a 1997 first degree murder conviction and 26-year-to-life state prison sentence.  (Pen. Code, § 1170.95, subd. (c).)[1]  The trial court denied the petition without an evidentiary hearing even though the petition made a prima facie showing that appellant was eligible for resentencing relief.  We reverse and remand with directions to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

*Facts and Procedural History*

In 1997, appellant was convicted of murder (§ 187, subd. (a)), second degree burglary (§ 459) and arson (§ 451, subd. (d)) with a firearm enhancement. (§ 12022, subd. (a)1)). Appellant submitted on the preliminary hearing transcript which showed that appellant (age 17) and his cohort, Travis Ron Williams (age 15), were involved in a home-invasion burglary.[2] The victim, a 75-year-old widow, was shot in the back of the head. It was a one gun, one bullet killing. Appellant said Williams was the shooter and Williams said it was appellant. Appellant, like Williams, was sentenced to 26 years to life state prison. We affirmed the conviction in an unpublished opinion and modified the judgment to add a $5,000 restitution fine pursuant to section 1202.45.

On January 2, 2019, the day after Senate Bill No. 1437 became effective (2017–2018 Reg. Sess; Stats. 2018, ch. 1015) (SB 1437), appellant filed a petition for resentencing. SB 1437 provided that defendants convicted of murder under the felony murder rule or natural and probable consequences doctrine could petition for resentencing based on statutory changes to Penal Code sections 188 and 189. (§ 1170.95, subd. (a).)

The superior court appointed counsel for appellant and denied the prosecution" motion to dismiss, finding that SB 1437 was constitutional. At the October 4, 2019 hearing, the trial

---

[2] Appellant entered a "slow plea" in which the defendant submits on the preliminary hearing transcript and the submission is both a plea and a trial. (Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar (2020) § 28.20, pp. 804-805; *Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605-606.)

court denied the petition "based on [the] lack of a [p]rima [f]acie showing that the Petitioner was not a major participant who acted with reckless indifference to human life . . . ." (Italics omitted.)

*Discussion*

Appellant argues, and the Attorney General agrees, that the trial court erred in not issuing an OSC and conducting an evidentiary hearing as required by section 1170.95, subdivision (d)(3). (*People v. Cooper* (2020) 54 Cal.App.5th 106, 114-115.)

At the evidentiary hearing, the burden of proof shifts to the prosecution. The trial short-circuited the procedure and relied on the preliminary hearing transcript to find that appellant was ineligible for relief even though the facts were conflicting. That is not permitted.

A preliminary hearing transcript may not be used to resolve conflicting facts without an evidentiary hearing.[3] "By relying on the preliminary hearing transcript to determine the 'nature or basis' of defendant's prior conviction, the sentencing court engaged in an impermissible inquiry to determine "'what the defendant and state judge must have understood as the factual basis of the prior plea.'" [Citation.]" (*People v. Gallardo* (2017) 4 Cal.5th 120, 137.) Nor could the trial court rely on the juvenile fitness hearing transcript (Welf. & Inst. Code, § 707) to find that appellant was ineligible for resentencing.

[3] Our Supreme Court granted review in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598 on the issue of whether superior courts may consider the record of conviction in determining the stage one issue of whether defendant has made a prima facie showing of eligibility for relief under section 1170.95.

(*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 716-717 [the sole question at a fitness hearing is whether the minor would be amenable to treatment if adjudged a ward of the court]; *People v. Superior Court* (*Zaharias M.*) (1993) 21 Cal.App.4th 302, 307 [same].)

Appellant and Williams pointed the finger at one another and claimed it is the other guy who fired the fatal shot.[4] Appellant confessed several times and said they burglarized the victim's garage.  Williams decided to break into the victim's house while appellant sat on the curb outside the house.  According to appellant, Williams entered the house, fired a shot, and ran outside with the victim's car keys.  The two took the victim's Oldsmobile, drove to Pismo Beach and Grover Beach, and set the vehicle on fire.  Appellant said that Williams doused the car with gasoline before setting it on fire.  Appellant's eyebrows and eyelashes were singed, which suggests appellant was more than a passive accomplice.  The trial court, in denying the petition, said "it has been a tortuous exercise . . . to wrestle with these two factual roles."  "[T]here's no doubt that one of these two killed this woman.  And I can't say that I know who that person is at this point."  The court noted that the prosecutor had "alluded to evidence that I had not seen" and found that "it's clear that each of the petitioners ha[ve] met the initial two criteria" for resentencing eligibility.  Whether appellant was a major participant in the underlying burglary and acted in reckless

---

[4] The .22 caliber handgun, owned by Williams' mother, was on a sofa outside Williams' house.  More than one hundred pounds of stolen ammo was found in duffle bags in a hole under the sofa.

4

disregard to human life is a factual issue that has to be decided at a stage two evidentiary hearing.  (§ 1170.95, subd. (d)(3).)

*Disposition*

The order denying the section 1170.95 petition is reversed and the matter is remanded with directions to issue an OSC and proceed to an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

<u>NOT TO BE PUBLISHED.</u>

YEGAN J.

We concur:


GILBERT, P. J.


PERREN, J.

5

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles Lee, Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.